**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Jeffrey T. FINLEY, Defendant–
Appellant.**

No. 99–6531.

United States Court of Appeals,
Sixth Circuit.

May 4, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.*

*ORDER*

Jeffrey Tyrone Finley, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Finley pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The court sentenced him to seventy months of imprisonment. Finley has filed a timely appeal, arguing that the district court committed plain error when it determined that he was subject to a four-level enhancement under USSG § 2B3.1(b)(2)(D). The government concedes that Finley was not subject to the four-level enhancement and that the case should be remanded for re-sentencing. However, the government maintains that the court did not commit plain error because both the defendant and the government expressly encouraged the district court to apply the four-level enhancement.

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

■ Upon review, we conclude that this case must be remanded to the district court for re-sentencing. In this case, the presentence investigation report recommended that Finley was subject to a five-point enhancement for "brandishing" a "firearm" during the course of the robbery under USSG § 2B3.1(b)(2)(C). Finley's counsel objected to this conclusion and stated that Finley was only subject to a four-point enhancement for "using" a "dangerous weapon" under § 2B3.1(b)(2)(D). The government conceded this point. Thus, the district court imposed a four-point enhancement and sentenced Finley to 70 months of imprisonment. On appeal, the government concedes that Finley was only subject to a three-point enhancement under § 2B3.1(b)(2)(E) because he merely possessed a "dangerous weapon," but he did not "otherwise use" it. Hence, the parties are in complete agreement that the case should be remanded to the district court for re-sentencing.

■ In light of the parties' agreement and the undisputed sentencing error, this court should remand the case to the district court for re-sentencing. Nonetheless, we note that Finley's counsel urged the district court to impose the four-point enhancement, and this court could construe counsel's suggestion as "invited error" that waives his argument that Finley was only subject to a three-point enhancement. *United States v. Nagi,* 947 F.2d 211, 214 (6th Cir.1991); *United States v. Sloman,* 909 F.2d 176, 182–83 (6th Cir.1990). Normally, rights that have been waived are not reviewable, even for plain error. *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). However, the doctrine of "invited error" does not foreclose relief when the interests of justice demand otherwise. *United States v. Barrow,* 118 F.3d 482, 491–92 (6th Cir.1997). Whether the circumstances of a particular case justify devia-tion from the normal rule of waiver under this doctrine is left largely to the discretion of the appellate court. *Id.* at 491.

The circumstances of this case warrant a remand to the district court for re-sentencing for two reasons. First, the parties correctly argue that Finley was only subject to a three-point enhancement under § 2B3.1(b)(2)(E) because he merely possessed a weapon. *United States v. Kushmaul,* 147 F.3d 498, 501 (6th Cir.1998) (holding that enhancement for "otherwise using" a dangerous weapon requires conduct that rises above mere "visible possession"). Thus, Finley's rights have clearly been substantially affected by the sentence imposed below, as it amounts to more than the sentence he should have legally received. Such an improper sentence would clearly tend to call into question the fairness, integrity or public reputation of the judicial proceedings. Second, the government agrees that this case should be remanded to the district court for re-sentencing.

Accordingly, we vacate the district court's judgment and remand for further proceedings.