RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0058P (6th Cir.)
File Name: 02a0058p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

JAVIER APARCO-CENTENO,
    *Defendant-Appellant.*

No. 00-1889

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-81085—Paul D. Borman, District Judge.

Argued: November 14, 2001

Decided and Filed: February 14, 2002

Before: KEITH and COLE, Circuit Judges; MARBLEY,
District Judge.[*]

————————

**COUNSEL**

**ARGUED:** Jonathan M. Epstein, FEDERAL PUBLIC
DEFENDERS OFFICE, Detroit, Michigan, for Appellant.
Kathleen Moro Nesi, ASSISTANT UNITED STATES

————————

[*] The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

1

ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Jonathan M. Epstein, Tracey D. Weaver, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

————————————

## OPINION

————————————

R. GUY COLE, JR., Circuit Judge.  This action stems from a criminal defendant's appeal of a district court's determination of his sentence for violating 8 U.S.C. § 1326, re-entry of a deported alien.  Defendant-Appellant Javier Aparco-Centeno argues that his sentence of seventy-seven months is inaccurate because his prior convictions should not have qualified as aggravated felonies under 8 U.S.C. § 1326(b)(2) (1994) and § 2L1.2 of the U.S. SENTENCING GUIDELINES MANUAL (1994) ("U.S.S.G."), and that the prior conviction used to enhance his sentence was required to be proved beyond a reasonable doubt.  In sentencing Aparco-Centeno to seventy-seven months, the district court determined that the presentence investigation report ("PSR") set the appropriate sentencing guideline at seventy-seven to ninety months and accurately took into account Aparco-Centeno's prior felonies.  This appeal presents two issues for our review:  (a) whether Aparco-Centeno's prior convictions qualify as aggravated felonies so that his sentence may be increased under 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2; and (b) whether the prior conviction used to enhance Aparco-Centeno's sentence was required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to be proved beyond a reasonable doubt.  We conclude that Aparco-Centeno has waived the first issue of whether his prior convictions qualify as aggravated felonies under 8 U.S.C. § 1326 and U.S.S.G. § 2L1.2.  Moreover, *Almendarez-Torres v. United States*, 523 U.S. 224 (1995), establishes an exception to *Apprendi* so that the prior conviction used to enhance Aparco-Centeno's sentence is not required to be proved beyond a reasonable doubt.  Accordingly, we **AFFIRM** the judgment of the district court.

*Torres* held it was an enhancement for recidivism and not an additional element that must be pleaded and proved beyond a reasonable doubt. 523 U.S. at 423. *Apprendi* may have criticized this articulation of the law, but it explicitly provided for its survival where the defendant admits the prior aggravated felonies as fact and permits them to affect his sentencing. 530 U.S. at 489-90.

This case rests in the exception carved out for *Almendarez-Torres* by *Apprendi*, 530 U.S. at 490. Aparco-Centeno pleaded guilty to violating § 1326—in its entirety, without reference to a specific provision. Aparco-Centeno's downward departure motion acknowledges that he had committed a prior aggravated felony as defined in 8 U.S.C. § 1326. These facts closely parallel those in *Almendarez-Torres*. This circuit has held likewise in cases presented outside the confines of § 1326. *See Gatewood,* 230 F.3d at 192. This case also brings our treatment of the burden of proof under 8 U.S.C. § 1326 in line with our precedent in other areas of the United States Code. *See Gatewood,* 230 F.3d at 192 (interpreting § 3559(c)(1)(A)(i)).

We therefore reject Aparco-Centeno's claim that the district court committed plain error by not proving beyond a reasonable doubt that his prior convictions were "aggravated felonies" under 8 U.S.C. § 1326 during sentencing.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

### I. BACKGROUND

On September 11, 1999, Aparco-Centeno was stopped by police near the Canadian National/Grand Trunk railroad tunnel in Port Huron, Michigan for entry without having obtained express consent of the Attorney General to reenter the United States after his previous deportation. He was indicted on December 1, 1999, under 8 U.S.C. § 1326 for reentering the country as a deported alien. 8 U.S.C. § 1326 provides:

(a) *Subject to subsection (b)* of this section, any alien who—(1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter . . . the United States . . . shall be fined under Title 18, or imprisoned not more than two years, or both. (b) *Notwithstanding subsection (a)* of this section, in the case of any alien described in such subsection . . . (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both. (emphasis added).

The United States filed a notice of sentencing enhancement based upon two of Aparco-Centeno's prior convictions that allegedly qualify as aggravated felonies under 8 U.S.C. § 1326. Pursuant to this enhancement, the United States determined that Aparco-Centeno was subject to a maximum of twenty years under 8 U.S.C. § 1326(b)(2).

The parties negotiated a Fed. R. Crim. P. 11 agreement in which Aparco-Centeno stipulated to the prior aggravated felony and the maximum sentence of twenty years incarceration for violation of 8 U.S.C. § 1326. The plea agreement further provided that neither party would seek a departure from the guidelines for any reason not stated in the agreement itself. During the hearing, the district court questioned the parties regarding the intent and meaning of this provision. The United States argued that, "the language itself underscores the government's ability to withdraw from the agreement if, in fact, a ground for departure is asserted at

sentencing which pre-existed the agreement, but has not been discussed and not incorporated in the agreement." The district court determined it would still be appropriate to raise issues "in the [PSR] that would impact the range that have not been identified." Aparco-Centeno then pleaded guilty to violation of 8 U.S.C. § 1326. During the hearing, Aparco-Centeno was never questioned about a prior aggravated felony as defined in 8 U.S.C. § 1326(b)(2). Approximately four months after this plea, Aparco-Centeno filed a motion for downward departure based upon (1) cultural assimilation and (2) over-representation of the underlying felony. The United States responded to this motion with a notice of withdrawal from the Rule 11 plea agreement.

The PSR set Aparco-Centeno's statutory guideline at seventy-seven to ninety months with a total offense level of 21 and a criminal history category of VI. The report considered two of Aparco-Centeno's prior convictions as aggravated felonies under 8 U.S.C. § 1326. The first was for receiving stolen property, for which he was sentenced to three years of probation. Aparco-Centeno later violated the terms of his probation, causing it to be revoked and a prison term of sixteen months imposed. Aparco-Centeno's second conviction was grand theft from a person, for which he was sentenced to one year custody and three years of probation.

Aparco-Centeno maintained his plea in the sentencing hearing, and was sentenced to seventy-seven months incarceration. The district court also recommended immediate deportation or three years of supervised release following Aparco-Centeno's release. This appeal of the district court's determination of the computation of his sentence follows.

## II. DISCUSSION

### A.  STANDARD OF REVIEW

We review a district court's determination for plain error where the defendant failed to make an objection. *United States v. Page*, 232 F.3d 536, 543 (6th Cir. 2000); Fed. R.

*Id.* at 489-90. The Court noted, "even though it is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, *Apprendi* does not contest the decision's validity and we need not revisit it for purpose of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset." *Id.* at 489-90. We find that this narrow exception holds, and has been reinforced by our recent decision in *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000) (en banc).

Our own precedent has interpreted *Apprendi* consistent with this result. Under the three strikes statute, 18 U.S.C. § 3559(c)(1)(A)(i), which requires the defendant to prove by clear and convincing evidence that the prior felonies are "nonqualifying felonies," we determined that a defendant's prior convictions are merely sentencing factors. *See Gatewood,* 230 F.3d at 192. Where we have found certain facts of a crime to be elements that must be proved beyond a reasonable doubt, it is when a particular type of weapon itself used during the crime increases the maximum sentence – as in 18 U.S.C. § 924(c). *See United States v. Bandy,* 239 F.3d 802, 807 (6th Cir. 2001). We are not confronted with that dilemma here or in *Almendarez-Torres*, which "remains the law" of this circuit. *Gatewood*, 230 F.3d at 192.

We find unpersuasive Aparco-Centeno's attempt to cite the *Gatewood* dissent to support an even narrower construction of *Almendarez-Torres* than that articulated in *Apprendi*. This case is an easier one than *Gatewood*, because "proving the facts necessary for life imprisonment under § 3559 [as was necessary in *Gatewood*] requires significantly more effort than merely proving the existence of a previous conviction—the circumstance to which *Almendarez-Torres* was limited." *Id.* Although § 1326 (a) provides for a maximum sentence of only two years, § 1326(b) – the very same section considered in *Almendarez-Torres* – provides for a statutory maximum of twenty years. The core of Aparco-Centeno's appeal is whether § 1326(b) is a separate offense or merely a sentence enhancement for recidivism. *Almendarez-*

offense, *but goes to the punishment only*.'") (quoting *Graham v. West Virginia*, 224 U.S. 616, 624 (1912)) (emphasis added).

This holding was further refined in *Apprendi,* 530 U.S. at 490, which laid out guidelines for when it is appropriate to find a fact by a preponderance of evidence for purposes of sentencing. It established that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. The *Apprendi* rule is not triggered unless the factual determination in question would create a sentence above the maximum established for the particular offense for which the defendant has been found guilty. *Id.* The Court underscored the distinction between an element of a crime and a sentencing factor:

> this is not to suggest that the term 'sentencing factor' is devoid of meaning. The term appropriately describes a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within a range* authorized by the jury's finding that the defendant is guilty of a particular offense. On the other hand, when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict.

*Id.* at 494 n.19. This distinction turned upon a recognition that certain factual determinations may mandate a sentencing guideline that exceeds the maximum sentence of the offense, sanctioning the defendant for a greater offense than the trier of fact found. Where this occurs, the facts contained in the elements of the crime must be proved beyond a reasonable doubt in order to protect the defendant's due process rights and effectuate the intent of the sentencing guidelines.

The *Apprendi* holding does not conflict with the determination in *Almendarez-Torres* that previous aggravated felonies are sentencing factors and not elements of the crime.

Crim. P. 52(b). We cannot correct that error unless it is "'plain' or 'clear' under current law and [] affects substantial rights." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

### B. ANALYSIS

Both the statutory sentence and the sentencing guidelines turn upon a threshold finding that the defendant committed a prior aggravated felony. *See* 8 U.S.C. § 1326(b)(2) (1994); U.S.S.G. § 2L1.2 (1994). Section 1326(b)(2) states that for an alien "whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined . . . , imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2). If an individual doesn't qualify as an aggravated felon, the maximum statutory sentence is two years. 8 U.S.C. § 1326(a). A prior "aggravated felony" includes any federal, state or local offense punishable by imprisonment for a term exceeding one year. *See United States v. Echavarria-Escobar,* 270 F.3d 1265, 1270 (9th Cir. 2001).

### 1. Interpreting "aggravated felony" in 8 U.S.C. § 1326(b)

Aparco-Centeno challenges the district court's determination that the PSR set the appropriate sentencing guideline at seventy-seven to ninety months and accurately took into account his prior felonies. He argues that neither of his two prior convictions should qualify as prior aggravated felonies under 8 U.S.C. § 1326 – that the first conviction is ineligible because he only was sentenced to probation (although that probation was later revoked and a sixteen-month term of imprisonment imposed); and that the second conviction is ineligible because it was not named in the indictment and was only a misdemeanor under state law (although an aggravated felony under 8 U.S.C. § 1101(a)(43)(G)). While resolving whether Aparco-Centeno's prior convictions fit the 8 U.S.C. § 1326 definition of a prior aggravated felony presents several questions of first

impression for this circuit, we need not address them because Aparco-Centeno has waived this issue in the court below.

At the sentencing hearing, Aparco-Centeno's counsel had no objection to the PSR and the two prior convictions as listed there. He also stated in his sentencing memorandum and motion for downward departure that "[b]ecause Mr. Aparco-Centeno's sentences for two of these offences were at least one year in duration, they are classified as aggravated felonies under 8 U.S.C. § 1101(a)(43)." Not only did Aparco-Centeno not object to the district court's consideration of the two prior convictions as aggravated felonies under 8 U.S.C. § 1326, he explicitly agreed that they qualified as such. Only on appeal does Aparco-Centeno argue that his conviction for receiving stolen property does not qualify as an aggravated felony under 8 U.S.C. § 1326.

A defendant challenging the application of the sentencing guidelines "must first present the claim in the district court before [it] can be entertain[ed] on appeal." *United States v. Nagi*, 947 F.2d 211, 213 (6th Cir. 1991). Waiver is the "intentional relinquishment or abandonment of a known right," and these rights are not reviewable. *See United States v. Olano*, 507 U.S. 725, 732-33 (1993). Although we do not foreclose appellate review for plain error "when the interests of justice demand otherwise," *see United States v. Finley*, 8 Fed. Appx. 557, 558, 2001 WL 493378 (6th Cir. 2001), we agree with the court in *United States v. Sloman* that "[a]n attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." 909 F.2d 176, 182 (6th Cir. 1990). This is exactly the course that Aparco-Centeno followed in the court below, and thus waived his claim on this issue. *Olano*, 507 U.S. at 733.

We therefore decline to review Aparco-Centeno's claim that the district court committed plain error in considering the prior convictions as "aggravated felonies" under 8 U.S.C. § 1326.

## 2. Proving "aggravated felony" in 8 U.S.C. § 1326(b)

The district court's decision to consider the prior convictions as aggravated felonies under 8 U.S.C. § 1326 raises the issue of whether they must be proved beyond a reasonable doubt as an element of the crime. *Apprendi*, 530 U.S. at 490. Except for prior convictions, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *Apprendi* expressly declined to overrule *Almendarez-Torres*, 523 U.S. 224, 227 (1995), an earlier case that characterized the determination of "aggravated felony" as a sentencing factor not requiring this heightened burden of proof. *Apprendi*, 530 U.S. at 490. Aparco-Centeno asks this Court to take the step the Supreme Court was unwilling to take and rule that *Apprendi* has overturned *Almendarez-Torres*. This we are unable to do. *See Agostini v. Felton*, 521 U.S. 203, 207 (1997) (noting that lower courts should "leav[e] to th[e] [Supreme] Court the prerogative of overruling its own decisions"). As such, *Almendarez-Torres*, 523 U.S. 224, establishes an exception to *Apprendi* so that the prior conviction used to enhance Aparco-Centeno's sentence is not required to be proved beyond a reasonable doubt.

*Almendarez-Torres* involved an indictment that failed to mention the defendant's three prior aggravated felony convictions. The defendant argued that the United States had failed to enumerate all the elements of the alleged crime and thus did not prove them beyond a reasonable doubt. *See* 523 U.S. at 227. Similar to the case before us, the Court had to resolve whether an indictment must include previous aggravated felonies under § 1326(b)(2), or whether they constitute sentencing factors that appropriately may be omitted. It determined that section (b) was merely listing sentencing factors rather than a separate crime. *Id.* at 231. Since recidivism also enjoys a traditional role as a sentencing factor, the term "aggravated felony" escapes the burden of proof mandate that exists for an element of a crime. *See id.* at 243 ("recidivism 'does not relate to the commission of the