**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Salvador GONZALEZ–ESPINOZA,
Defendant–Appellant.**

No. 01–6072.

United States Court of Appeals,
Sixth Circuit.

Jan. 9, 2003.

Before MOORE and COLE, Circuit Judges; and SARGUS,* District Judge.

## OPINION

MOORE, Circuit Judge.

Defendant–Appellant Salvador Gonzalez–Espinoza ("Gonzalez–Espinoza") ap- peals from the district court's imposition of a seventy-seven month prison sentence fol- lowed by two years of supervised release for violating 8 U.S.C. § 1326(a). Gonza- lez–Espinoza was indicted for being an alien found in the United States after pre- viously being deported and without the Attorney General's express permission in violation of § 1326(a). After Gonzalez–Es- pinoza was indicted, the Government dis- closed its intention to use 8 U.S.C. § 1326(b)(2) to ensure a higher criminal penalty because Gonzalez–Espinoza's prior removal occurred after he was convicted of an aggravated felony. After pleading guilty to the sole count in the indictment. Gonzalez–Espinoza received an enhanced sentence pursuant to § 1326(b)(2) based on his prior burglary conviction. Gonzalez– Espinoza asserts that the Government vio- lated his due process rights because the prior conviction must have been alleged in his indictment and proved beyond a rea- sonable doubt before the prosecution could use it to enhance his sentence. For the reasons discussed below, we AFFIRM the decision of the district court.

## I.

Gonzalez–Espinoza, a Mexican national, was arrested after he admitted in an inter- view with Immigration and Naturalization Service ("INS") officers that he was ille- gally in the United States. A federal grand jury in Knoxville, Tennessee re- turned a one-count indictment, charging Gonzalez–Espinoza with being an alien ille- gally found in the United States after de- portation and without the express consent of the Attorney General, in violation of § 1326(a). Thereafter, the Government filed a Notice of Sentence Enhancement

* Honorable Edmund A. Sargus. Jr., United States District Judge for the Southern District of Ohio. sitting by designation.

which disclosed its intention to use § 1326(b) to enhance Gonzalez–Espinoza's sentence based on his prior burglary conviction. After Gonzalez–Espinoza pleaded guilty to the sole count in the indictment, the probation officer prepared a Presentence Investigation Report ("PSR") which recommended a sixteen-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2000) and § 1326(b)(2), because of Gonzalez–Espinoza's prior aggravated felony conviction. According to the PSR, the guideline range of sentencing was seventy-seven to ninety-six months based on Gonzalez–Espinoza's enhanced base offense level and criminal history category of VI. Overruling Gonzalez–Espinoza's objections, the district court entered judgment and sentenced Gonzalez–Espinoza to seventy-seven months in prison. This timely appeal followed.

## II.

We review de novo the lower court's finding that Gonzalez–Espinoza's sentence did not violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Samuels,* 308 F.3d 662, 671 (6th Cir.2002); *see also United States v. Lloyd,* 10 F.3d 1197, 1220 (6th Cir.1993), *cert. denied,* 513 U.S. 883, 115 S.Ct. 219, 130 L.Ed.2d 147 (1994) ("A defendant's challenge to his sentence on constitutional grounds presents a question of law over which this court should exercise *de novo* review."). The district court's interpretation and legal conclusions regarding the Sentencing Guidelines also are reviewed de novo. *See United States v. Hibbler,* 159 F.3d 233, 236 (6th Cir.1998), *cert. denied,* 526 U.S. 1030, 119 S.Ct. 1278, 143 L.Ed.2d 372 (1999).

Gonzalez–Espinoza claims on appeal that because his indictment only charged him with violating § 1326(a) and did not contain any mention of his prior aggravated felony under § 1326(b), the Government's use of his burglary conviction violates his right to due process. In essence, Gonzalez–Espinoza argues that the sixteen-level enhancement pursuant to § 1326(b) and U.S.S.G. § 2L1.2(b)(1)(A) violates the principle announced in *Apprendi* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. The statute at issue, subsections (a) and (b) of § 1326, provides in relevant part:

> (a) Subject to subsection (b) of this section, any alien who–(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States ... shall be fined under Title 18, or imprisoned not more than 2 years, or both.
>
> (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection– ... (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under [Title 18], imprisoned not more than 20 years, or both.

8 U.S.C. §§ 1326(a), (b). The issue presented in this case is governed by the Supreme Court's holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and this court's interpretation of that case after *Apprendi* in *United States v. Gatewood,* 230 F.3d 186 (6th Cir.2000) (en banc), *cert. denied,* 534 U.S. 1107, 122 S.Ct. 911, 151 L.Ed.2d 878 (2002), and most recently in *United States v. Aparco–Centeno,* 280 F.3d 1084 (6th Cir.), *cert.*

*denied,* ––– U.S. –––, 122 S.Ct. 2638, 153 L.Ed.2d 818 (2002).

In recent months, we confirmed our position that prior aggravated felony convictions used to enhance sentencing under § 1326(b) are not elements of a § 1326(a) violation, but rather are mere sentencing factors which are not required to be set forth in the indictment and proved beyond a reasonable doubt to the jury. *See Aparco–Centeno,* 280 F.3d at 1088. Our decision in *Aparco–Centeno* relies on the Supreme Court's opinion in *Almendarez–Torres,* which held that § 1326(b) was not an additional element of a § 1326(a) offense requiring separate pleading and proof beyond a reasonable doubt, but rather was an enhancement for a criminal's recidivism and therefore held that a lower standard of proof was sufficient. *Almendarez–Torres,* 523 U.S. at 247, 118 S.Ct. 1219. *Apprendi* expressly left *Almendarez–Torres* intact. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 ("Apprendi does not contest [Almendarez–Torres's] validity and we need not revisit it for purposes of our decision today...."). As we recognized in *Gatewood* when we denied the defendant's due process challenge that his prior convictions used to convict him under the three-strikes statute were elements of the offense, *"Almendarez–Torres* remains the law." *Gatewood,* 230 F.3d at 192.

The facts in *Aparco–Centeno* are nearly identical to those presented by Gonzalez–Espinoza. In the former case, the defendant appealed on the grounds that his sentence under § 1326 was inaccurate because, among other things, his prior conviction was used to enhance his sentence but was not proved beyond a reasonable doubt. *Aparco–Centeno,* 280 F.3d at 1085. A panel of this court held that because *Almendarez–Torres* established an exception to the principle set forth in *Apprendi,* the prior conviction was not required to be proved beyond a reasonable doubt. *Id.* at 1086. Moreover, the panel stated that although *Apprendi* "criticized [Almendarez–Torres's] articulation of the law, [ ] it explicitly provided for its survival where the defendant admits the prior aggravated felonies as fact and permits them to affect his sentencing." *Id.* at 1090.

The issue Gonzalez–Espinoza raises on appeal is directly controlled by our opinion in *Aparco–Centeno.* Because his prior burglary conviction resulted in his deportation, this conviction could be used to enhance his sentence for recidivism pursuant to § 1326(b) and U.S.S.G. § 2L1.2(b)(1)(A). His prior conviction was not required to be alleged in the indictment, nor was it necessary to prove this conviction beyond a reasonable doubt. *See id.* at 1086. Moreover, much like the defendant in *Almendarez–Torres,* Gonzalez–Espinoza did not contest the existence of his burglary conviction, but only its use in determining his sentence. *See Almendarez–Torres,* 523 U.S. at 227, 118 S.Ct. 1219. *Almendarez–Torres* remains an exception to the principle of *Apprendi,* allowing § 1326(b) to serve as an enhancement for recidivism when there has been a violation of § 1326(a). *Id.* at 247, 118 S.Ct. 1219.

Gonzalez–Espinoza's argument fails because it directly challenges this court's binding precedent. "[A] prior published opinion of this court is binding unless either an intervening decision of the United States Supreme Court requires modification of the prior opinion or it is overruled by this court sitting en banc." *United States v. Roper,* 266 F.3d 526, 530 (6th Cir.2001). At oral argument, counsel for Gonzalez–Espinoza did not contest that this court was bound by the holding in *Aparco–Centeno* and specifically indicated his desire to request a rehearing en banc. Moreover, Gonzalez–Espinoza's appeal essentially asks this court to announce that *Apprendi* overruled *Almendarez–Torres,* in direct contravention to the Supreme

Court's express language. *See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348 ("Even though it is arguable that *Almendarez–Torres* was incorrectly decided, ... Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today...."). As stated in *Agostini v. Felton,* lower federal courts should "follow the case which directly controls" and avoid assessments that the Supreme Court has overruled its precedent by implication. 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (citation omitted).

### III.

Because the Supreme Court expressly declined an opportunity to overrule *Al-* *mendarez–Torres* and because we relied on that decision when we issued our opinion in *Aparco–Centeno* stating that § 1326(b) is an enhancement provision for recidivism as opposed to an element of § 1326(a), we see no error in the sentence entered by the district court. Accordingly, we AFFIRM.