**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos ROSALES–URBINA,**
**Defendant–Appellant.**

No. 02–5277.

United States Court of Appeals,
Sixth Circuit.

April 16, 2003.

Before SILER, GILMAN, and GIBBONS, Circuit Judges.

OPINION

GILMAN, Circuit Judge.

Carlos Rosales–Urbina pled guilty to the charge of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a). He received a sentencing enhancement pursuant to 8 U.S.C. § 1326(b) because he had been previously convicted of committing an aggravated felony. In this appeal, Rosales–Urbina challenges both his conviction and sentence.

## I. BACKGROUND

Rosales–Urbina, a citizen of Honduras, had illegally entered the United States on at least three separate occasions and had been deported on June 1, 1987, September 17, 1987, and January 1, 1996. While in the United States between his second and third deportations, he was convicted of separate offenses for transporting a controlled substance and for committing second-degree theft.

Rosales–Urbina once again returned to the United States without the permission of the United States Attorney General, and was arrested in Knoxville, Tennessee in July of 2001. He was charged in a one-count indictment with violating 8 U.S.C. § 1326(a) because he was "an alien who had previously been deported from the United States ... [and] was found to be knowingly and voluntarily in the United States without having obtained the prior consent of the United States Attorney General...." On October 23, 2001, Rosales–Urbina pled guilty to this charge. In the plea agreement, he acknowledged that since he had been previously convicted of an aggravated felony, he was subject to an enhanced penalty pursuant to 8 U.S.C. § 1326(b)(2).

The district court sentenced Rosales–Urbina to a term of imprisonment of 51 months and a period of supervised release of 2 years, in addition to a fine of $100. This timely appeal followed.

## II. ANALYSIS

On appeal, Rosales–Urbina argues that he was deprived of his due process rights guaranteed by the Fifth Amendment because (1) the government did not allege an essential element of 8 U.S.C. § 1326(b)(2) in the indictment, and (2) the district court sentenced him pursuant to 8 U.S.C. § 1326(b)(2) after he pled guilty to violating 8 U.S.C. § 1326(a).

Section 1326(a) provides that "any alien who ... has been ... deported ..., and thereafter ... enters ... the United States, unless ... the Attorney General has expressly consented to such alien's reapplying for admission[,] ... shall be fined[,] ... imprisoned not more than 2 years, or both." Subsection (b) of the statute provides that "[n]otwithstanding subsection (a) of this section, in the case of any alien described in such subsection ... whose removal was subsequent to a conviction for commission of an aggravated felo-

ny, such alien shall be fined[.] ... imprisoned not more than 20 years, or both."

The parties agree that *United States v. Aparco–Centeno*, 280 F.3d 1084 (6th Cir.), *cert. denied*, 536 U.S. 948, 122 S.Ct. 2638, 153 L.Ed.2d 818 (2002), is controlling. Presented with the same arguments raised in this appeal, the *Aparco–Centeno* court concluded that § 1326(b) is a sentencing-enhancement provision–and not a "separate offense"–that may be applicable following a conviction pursuant to § 1326(a). *Id.* at 1090 (noting that the Supreme Court held in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that § 1326(b) is "an enhancement for recidivism"). *Aparco–Centeno* further held that the conviction used to enhance a sentence pursuant to § 1326(b) need not be proven beyond a reasonable doubt, even in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). 280 F.3d at 1089 ("Since recidivism also enjoys a traditional role as a sentencing factor, the term 'aggravated felony' escapes the burden of proof mandate that exists for an element of a crime.").

Rosales–Urbina's argument is simply that *Aparco–Centeno* was wrongly decided. But one panel of this court cannot overrule the decision of a prior panel. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."). We therefore decline to consider the merits of Rosales–Urbina's argument.

Because § 1326(b) is a sentencing enhancement not subject to the constraints of *Apprendi*, its essential elements need not have been alleged in the indictment. We therefore conclude that Rosales–Urbina's due process rights were not violated when he pled guilty to § 1326(a) and was given an enhanced sentence pursuant to § 1326(b).

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.