**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alejandro PONCE–COVARRUBIAS,**
**Defendant–Appellant.**

No. 03–5762.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Linda Harris, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

J. Patten Brown, III, Asst. F.P. Defender, Memphis, TN, for Defendant–Appellant.

Before: BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

*ORDER*

This is a direct appeal from a criminal judgment and commitment order. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Mexican national Alejandro Ponce–Covarrubias was indicted for being in the United States without permission. Ponce–Covarrubias subsequently entered a counseled guilty plea to the indictment. The district court found Ponce–Covarrubias guilty of illegal re-entry into the United

---

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

States after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(2). The court sentenced Ponce–Covarrubias to a twenty-seven month term of imprisonment and a two-year period of supervised release. This appeal followed.

On June 17, 1991, Ponce–Covarrubias was convicted in California state court of transportation of heroin. He was sentenced to a 180–day jail term and a thirty-six month period of probation. Ponce–Covarrubias was deported at some time after this conviction. Ponce–Covarrubias was a passenger in a vehicle stopped in Memphis, Tennessee, on December 1, 2001. He had not been given permission to re-enter the United States and he was so charged in a one-count indictment. The indictment plainly charged Ponce–Covarrubias with violating 8 U.S.C. § 1326(a)(2), re-entry into the United States without permission, and placed him on notice that he was subject to the enhanced twenty-year maximum penalty provision of § 1326(b)(2) in recognition of his earlier felony drug conviction.

Ponce–Covarrubias entered a guilty plea to the indictment and the parties submitted sentencing position papers to the court. Two issues raised by counsel for Ponce–Covarrubias are relevant to this appeal. First, counsel argued that the enhanced penalty provision of 8 U.S.C. § 1326(b)(2) was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Counsel also sought a downward departure based on the decision of Ponce–Covarrubias to plead guilty to the indictment. Counsel acknowledged in this paper that his *Apprendi* argument was without merit and counsel subsequently made the same observation at sentencing with regard to his "guilty plea/downward departure" request.

The parties met for sentencing. The court considered the *Apprendi* argument, as well as counsel's candid assessment of its lack of merit, and rejected it. The court also heard the request for a downward departure based on the entry of the guilty plea. The court acknowledged that it had the discretion to consider the request, but concluded that the plea did not, in and of itself, remove this case from the guideline range heartland so as to merit the departure. The court heard from counsel and Ponce–Covarrubias and announced the sentence of record. On appeal, counsel for Ponce–Covarrubias repeats his two sentencing claims while acknowledging, again, their lack of merit.

■ A review of the law supports counsel's assessment of this appeal. The first issue is whether the twenty-year penalty provision of 8 U.S.C. § 1326(b)(2) is unconstitutional after *Apprendi*. Section 1326(a) provides for a maximum two-year term of imprisonment for the illegal re-entry into the United States. Subsection (b)(2), however, provides a twenty-year maximum term for an alien who had earlier been deported after a conviction for the commission of an aggravated felony. The law in the Sixth Circuit is clear; section 1326(b)(2) is a sentencing enhancement not subject to the constraints of *Apprendi*. *See United States v. Aparco–Centeno*, 280 F.3d 1084, 1090 (6th Cir.), *cert. denied*, 536 U.S. 948, 122 S.Ct. 2638, 153 L.Ed.2d 818 (2002) (citing *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

■ The second issue is whether the district court erred in declining to effect a downward departure from the guideline range in recognition of Ponce–Covarrubias's decision to plead guilty to the indictment. The district court clearly acknowledged its discretion to consider the request, but stated that the decision to

plead, standing alone, was not sufficient to warrant the requested departure. A sentencing court's discretionary refusal to effect a downward departure is generally not appealable, unless the court mistakenly believed it did not have legal authority to depart downward. *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998). This claim is meritless.

Accordingly, the district court's judgment is affirmed.