**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio SALCEDA–GUERRERO,
Defendant–Appellant.**

**No. 03–1690.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2004.

**850**

Julie Ann Woods, Asst. U.S., Attorney, Grand Rapids, MI, for Plaintiff-Appellee.

Paul L. Nelson, Grand Rapids, MI, for Defendant-Appellant.

Before: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

Sergio Salceda–Guerrero appeals the sentence of imprisonment imposed upon his guilty plea to being an illegal alien who re-entered the United States after deportation in violation of 8 U.S.C. § 1326(a). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Salceda–Guerrero pleaded guilty pursuant to a plea agreement that contemplated a twenty-four month term of imprisonment. At his plea hearing Salceda–Guerrero was told that the maximum sentence he faced was twenty-four months of imprisonment. A presentence report was prepared prior to sentencing and that report indicated that Salceda–Guerrero had been convicted of a felony domestic violence offense in 1999. Accordingly, Salceda–Guerrero was assessed sixteen levels pursuant to USSG § 2L1.2(b)(i)(A)(ii). That adjustment resulted in a sentencing range of fifty-seven to seventy-one months. The district court informed Salceda–Guerrero of the adjustment and gave Salceda–Guerrero the opportunity to withdraw his guilty plea because Salceda–Guerrero had been advised at the time of the guilty plea that the maximum sentence for his offense of conviction was twenty-four months. Salceda–Guerrero declined to withdraw his guilty plea but objected to the imposition of a sentence above the twenty-four months statutory maximum for the offense to which he pleaded guilty based on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court overruled that objection and subsequently sentenced Salceda–Guerrero to fifty-seven months of imprisonment.

On appeal, Salceda–Guerrero reasserts that the existence of a prior conviction for a felony is an element of the offense of illegally being found in the United States following deportation subsequent to a felony conviction. Therefore, the prior conviction must be charged in the indictment. Salceda–Guerrero acknowledges, however, that his argument fails because it directly challenges this court's binding precedent.

As a general rule, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in an indictment and must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 476. An exception to this general rule is the fact of a prior conviction, which need not be charged in an indictment or submitted to a jury and proven beyond a reasonable doubt. *Id.* at 488–90. Under § 1326(b)(2), the fact of a prior "aggravated felony" is a sentencing factor, which need not be charged in an indictment or submitted to a jury and proven beyond a reasonable doubt. *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Aparco–Centeno*, 280 F.3d 1084, 1089 (6th Cir.), *cert. denied*, 536 U.S. 948, 122 S.Ct. 2638, 153 L.Ed.2d 818 (2002); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir.2000) (en banc). Rather, a district court may determine the fact of a prior aggravated felony conviction by a preponderance of the evidence at sentencing. *Id.* Thus, the district court did not err when it found that Salceda–Guerrero had a prior aggravated felony conviction and imposed an enhanced sentence under § 1326(b)(2), even though the indictment charging Salceda–Guerrero did not allege the existence of a prior aggravated felony, because § 1326(b)(2) establishes the prior conviction as a sentencing factor, not an element of the crime.

Salceda–Guerrero's argument fails because it directly challenges this court's binding precedent. "[A] prior published opinion of this court is binding unless either an intervening decision of the United States Supreme Court requires modification of the prior opinion or it is overruled by this court sitting en banc." *United States v. Roper*, 266 F.3d 526, 530 (6th Cir.2001). Because the Supreme Court expressly declined an opportunity to overrule *Almendarez–Torres, see Apprendi,*

530 U.S. at 490, and because we relied on that decision when we issued our opinion in *Aparco–Centeno* stating that § 1326(b) is an enhancement provision for recidivism as opposed to an element of § 1326(a), *Aparco–Centeno*, 280 F.3d at 1089, there exists no error in the sentence entered by the district court.

Accordingly, we affirm the district court's judgment.