**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0620n.06

No. 11-5974

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 13, 2012*
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE  EASTERN |
| GERALD D. STURGILL, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  KEITH, BOGGS, and MOORE, Circuit Judges.

PER CURIAM.   Gerald D. Sturgill appeals through counsel a district-court judgment revoking his supervised release and sentencing him to twelve months of imprisonment.

In 2009, Sturgill entered a guilty plea to a charge of conspiring to distribute oxycodone.  He was sentenced in 2010 to three months of imprisonment, based on a downward departure for cooperation with the government, and two years of supervised release.

In 2011, Sturgill was charged with violating terms of his supervised release that prohibited him from committing another crime, lying to his probation officer, and associating with criminals. A preliminary hearing was held before a magistrate judge.  There, Sturgill's probation officer testified that, during a visit to Sturgill's home, he found notes, computer searches, and cell phone texts demonstrating that Sturgill was selling pain relievers.  Sturgill also told the probation officer that his pain-medicine prescription had been stolen, but the probation officer soon found the bottles, although with far fewer pills left than indicated by the date of the prescription.  Finally, evidence

suggested that Sturgill's son, who occasionally lived with Sturgill, had been selling controlled substances and that Sturgill was aware of this. The magistrate judge determined that there was probable cause to believe that Sturgill had violated his supervised release conditions. A hearing was then held before the district judge. Sturgill admitted violating the three provisions above. The parties had agreed to a sentence of twelve months of imprisonment. The district court found this sentence sufficient and adopted it.

On appeal, Sturgill argues that there was an insufficient factual basis to find him guilty of violating his supervised release, and that the sentence is unreasonable.

A party cannot agree to a course of action in the district court and then challenge it as error on appeal. *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002). Sturgill admitted that he violated the conditions of his supervised release. Therefore, he cannot argue that there was an insufficient factual basis to find that he committed the violations.

We review the sentence imposed upon a revocation of supervised release for reasonableness under an abuse-of-discretion standard. *See United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). Because Sturgill did not challenge the sentence below, his procedural issues are reviewed for plain error. *See United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Sturgill argues that his sentence is procedurally unreasonable because the district court did not have a new presentence report prepared, mention the guideline range, or consider the relevant sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Sedore*, 512 F.3d 819, 822-23 (6th Cir. 2008). However, the original presentence report was very recent and Sturgill admits that his situation had not changed. Furthermore, both the supervised-release-violation report and the magistrate judge stated a guideline range of twelve to eighteen months, with a statutory maximum

of twenty-four months. The district court can be presumed to have considered this information. *See Polihonki*, 543 F.3d at 324. Finally, review of the sentencing transcript shows that the district court did consider the relevant sentencing factors. Sturgill also attacks the substantive reasonableness of his sentence for violating his release conditions, noting that it is four times longer than his original sentence. Again, because this was the sentence Sturgill agreed to below, he may not challenge it on appeal. *See Aparco-Centeno*, 280 F.3d at 1088.

For all of the above reasons, the district court's judgment is affirmed.