NOT RECOMMENDED FOR PUBLICATION
File Name: 13a0966n.06

**FILED**
Nov 12, 2013
DEBORAH S. HUNT, Clerk

No. 11-3922

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RENE RODRIGUEZ, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | | OPINION |

**Before: ROGERS, STRANCH, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge**. Rene Rodriguez appeals a judgment of

conviction and a corresponding sentence of 300 months' imprisonment for one count of conspiracy

to distribute cocaine and marijuana and a separate count for conspiracy to distribute cocaine, in

violation of 21 U.S.C. §§ 841 and 846. The sole issue that he raises is the propriety of the district

court's admission into evidence of certain statements of one of Rodriguez's alleged co-conspirators

through the testimony of another alleged co-conspirator.[1] Rodriguez contends that the district court

failed to determine whether the statements satisfied the foundational requirements of Federal Rule

---

[1] In the "Summary of the Argument" portion of his brief, Rodriguez also contends that he
"was denied his due process right to a fair trial because the Government engaged in prosecutorial
misconduct by vouching for the truthfulness of Government witnesses who entered into plea
agreements[,]" but no mention of this allegation is to be found anywhere else in the brief.
Accordingly, we consider the issue waived. *See* Fed. R. App. P. 10.

of Evidence (FRE) 801(d)(2)(E) and that its decision to admit the statements into evidence was, therefore, erroneous. The Government counters that Rodriguez waived his current challenge to the statements when his counsel withdrew an objection to them at trial and, if not, that there was no plain error in their admission into evidence.

We conclude that, under our precedents, the Government has the better argument today, and, for reasons explained below, we AFFIRM the district court's judgment.

I.

In November 2010, Rodriguez was charged with two counts of criminal conduct in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B) and 21 U.S.C. § 846: (1) conspiracy to distribute more than 5 kilograms of cocaine and more than 100 kilograms of marijuana from 2005 to 2009 and (2) conspiracy to distribute more than 5 kilograms of cocaine in May 2010. Rodriguez pleaded not guilty to the charges, and his jury trial began on January 24, 2011.

Over the course of several days, a number of Rodriguez's alleged co-conspirators, including Nicholas See, Robert Martin, Mark Kitsos, and Andrew Arnold, testified to his involvement in the charged conspiracies. In all, more than twenty witnesses testified against Rodriguez. Additionally, See, Martin, Kitsos, and Arnold all pleaded guilty to conspiracy to distribute cocaine or marijuana in amounts that ranged from "more than 5 kilograms" to 150 kilograms of cocaine and from 1,000 to 3,000 kilograms of marijuana.

During See's testimony, Rodriguez's counsel made—and subsequently withdrew—the objection at issue in this appeal, which is reflected in the following exchange between the Government prosecutor (AUSA), See, Rodriguez's counsel (RC), and the district judge:

| | |
|---|---|
| AUSA: | Now, between 2005 and 2006, did you ever talk with Rob Martin or Mark Kitsos about where they were receiving their cocaine? |
| SEE: | Yes. |
| AUSA: | Did you talk to them about where they were receiving their marijuana? |
| SEE: | Yes. |
| AUSA: | Now, what did they tell you about that? First of all, who did you talk to first about it? |
| SEE: | Mark originally. |
| AUSA: | What did Mark tell you about it? |
| RC: | Objection. |
| JUDGE: | Basis? |
| RC: | Hearsay. |
| JUDGE: | Sidebar. |
| [During sidebar:] | |
| JUDGE: | You object to what Martin said.[2] Is that right? |
| RC: | Right. |
| JUDGE: | Isn't Martin one of the coconspirators [sic, throughout]? |
| AUSA: | He's a coconspirator for the purpose of this conversation. |
| JUDGE: | The basis of your objection is hearsay. Is that right? |
| RC: | Right. |

---

[2] As the Government observes, (Br. at 7 n.2), the portion of See's testimony to which Rodriguez's counsel objected concerned Kitsos's alleged statements rather than Martin's, but the misstatement is irrelevant to the disposition of this appeal.

AUSA:        It's not hearsay because it's a coconspirator statement.

JUDGE:       Why would it not come in under the coconspirator statement?

RC:          There hasn't been an evidentiary basis for it. If he's going to testify, then I will withdraw the objection.

JUDGE:       Well, in the Sixth Circuit, there are a number of ways that you can do it. All the government has to do to establish through its presentation of evidence is by a preponderance of the evidence that there is a conspiracy, then you can allow the coconspirator—I could have a mini hearing, or I could take the evidence as it's been presented and determine based on the evidence presented that there is some evidence of a conspiracy.

             Now, there has been some evidence presented thus far that there are a number of individuals involved in this distribution chain.

RC:          If I may, if these individuals are going to be called as witnesses, then I'm not going to object, because—

JUDGE:       Are they being called?

AUSA:        Mr. Martin and Mr. Kitsos, we need their testimony to corroborate the existence of the conspiracy.

JUDGE:       They're going to be called as witnesses?

AUSA:        Yes, Your Honor.

JUDGE:       You withdraw the objection?

RC:          I withdraw the objection.

JUDGE:       The objection is withdrawn. Please continue.

(R.E. # 92, PageID # 679-81.)

In its guilty verdict, the jury attributed 5 kilograms or more of cocaine and 100 kilograms or more of marijuana to Rodriguez on the first count against him and 5 kilograms or more of cocaine on the second count. On August 12, 2011, the district court found that Rodriguez qualified as a career offender and sentenced him to 300 months' imprisonment. Rodriguez timely appealed.

II.

Appellate review is, of necessity, limited to issues addressed by the court below. *Poss v. Morris*, 260 F.3d 654, 663 (6th Cir. 2001) (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). This rule serves several purposes, among them enabling litigants to offer all the evidence they believe relevant to the issues and preventing them from being prejudiced by final decisions "of issues upon which they have had no opportunity to introduce evidence." *Singleton*, 428 U.S. at 120 (quotation omitted). Although the rule is not a jurisdictional bar, we will deviate from it only "'in exceptional cases or particular circumstances, or when the rule would produce a plain miscarriage of justice.'" *Poss*, 260 F.3d at 664 (quoting *Pinney Dock & Transp. Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988)); *accord Fifth Third Bank v. Lincoln Fin. Sec. Corp.*, 453 F. App'x 589, 596 (6th Cir. 2011) ("[T]his court has generally focused on whether the issues was properly raised before the district court." (internal quotation marks omitted)). Forfeited issues are one such exception, and we review them for plain error. *E.g., United States v. Cowart*, 90 F.3d 154, 157 (6th Cir. 1996).

Forfeiture occurs when a party fails "to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993). This is distinct from waiver, which is the "'intentional relinquishment or abandonment of a known right.'" *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (quoting *Olano*, 507 U.S. at 733). Rights that a party waives "are not reviewable" on appeal. *Id.*

The Government contends that, in withdrawing his objection to See's testimony about Kitsos's statements, Rodriguez's counsel waived any challenge to the testimony on appeal. (Appellee Br. at 13.) But the facts of this case are distinguishable from those in which we have found waiver. In *Aparco-Centeno*, 280 F.3d at 1088, and *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990), for example, we determined that counsel "agree[d] in open court with a judge's proposed course of conduct and then charge[d] the court with error in following that course." Here, the district judge did not make a finding as to the admissibility of See's challenged testimony, only implying that he was likely to find the testimony admissible. Additionally, Rodriguez's counsel did not explicitly concede that the testimony was admissible.

By contrast, in *United States v. Chambers*, 441 F.3d 438 (6th Cir. 2006), we applied plain error review to factually similar circumstances. In *Chambers*, defense counsel's objection to a police officer's testimony about the hearsay statements of a third-party witness was at issue. *Id.* at 455. We concluded as follows:

> [D]efense counsel initially objected, but then withdrew his objection. The district court clarified that there was no objection to the testimony, defense counsel responded, "let it roll," and [the officer] proceeded to testify regarding [the third party's] statements. Because counsel withdrew the exception, this Court reviews the admissibility of the hearsay statements for plain error.

*Id.*

In *Chambers*, we did not characterize defense counsel's conduct as either forfeiture or waiver, *see id.*, but by applying plain error review we either construed it as forfeiture or decided to review it notwithstanding, *see Aparco-Centeno*, 280 F.3d at 1088 ("[W]e do not foreclose appellate

review for plain error when the interests of justice demand otherwise[.]" (internal quotation marks and citation omitted)). Like defense counsel in *Chambers*, Rodriguez's counsel objected to testimony and then withdrew the objection without explicitly conceding admissibility. We therefore apply plain error review in this case as well, under which Rodriguez bears the burden of proof. *United States v. Ferguson*, 681 F.3d 826, 831-32 (6th Cir. 2012) (citation omitted).

Plain error exists only "where there is [1] an error [2] that is plain, [3] that affects the defendant's substantial rights and [4] that, in our discretionary review, seriously affects the fundamental fairness, integrity or public reputation of judicial proceedings." *United States v. Sanders*, 404 F.3d 980, 984 (6th Cir. 2005). This generally means that the error "must have been prejudicial: It must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734 (citation omitted).

Here, assuming *arguendo* that the district court's admission of See's testimony about Kitsos's statements was plainly erroneous, Rodriguez still would have to prove that it affected his fundamental rights and the outcome of the proceedings. This would require him to overcome the remainder of See's testimony, the testimony of Kitsos, Martin, and Arnold, and the testimony of the Government's other witnesses. Rodriguez contends that See's testimony "identified [him] as the source of cocaine and marijuana which See was receiving from Robert Martin and Mark Kitsos" and improperly bolstered their subsequent testimony. (Appellant Br. at 17.) But this claim, if credited, does not demonstrate prejudice. *See Olano*, 507 U.S. at 734. Martin and Kitsos were only *two* of *more than twenty* witnesses who implicated Rodriguez in the charged conspiracies, (*see supra* Part

I), and See, like Martin, Kitsos, and all of the other witnesses who testified after him, was subject to cross-examination, *cf. United States v. Katzopoulos*, 437 F.3d 569, 574 (6th Cir. 2006) (quoting *Crawford v. Washington*, 541 U.S. 36, 61 (2004)). Accordingly, it is difficult to imagine how See's testimony about Kitsos's statements adversely could have affected either Rodriguez's substantial rights or the proceedings in which Rodriguez was convicted. *See Sanders*, 404 F.3d at 984.

Further, it is not at all clear that the district court's admission of Kitsos's statements through See's testimony was erroneous in the first place. As the district judge noted during the sidebar, (Page ID # 681), to properly admit the statements into evidence under FRE 801(d)(2)(E), he needed only find by a preponderance of the evidence that (1) a conspiracy existed, (2) Rodriguez was part of the conspiracy, and (3) Kitsos's statements were made "in furtherance of the conspiracy." *United States v. Warren*, 578 F.3d 320, 335 (6th Cir. 2009). When Rodriguez's counsel objected, the district judge already was persuaded that "there ha[d] been some evidence presented thus far that there [we]re a number of individuals involved in this distribution chain." (R.E. # 92, Page ID # 681.) Under these circumstances, there likely was no error of any kind, and there certainly was no plain error, in the district court's admission of See's testimony about Kitsos's statements. Accordingly, Rodriguez's challenge must fail.

III.

Because the only challenge that Rodriguez raises on appeal does not demonstrate plain error, we AFFIRM the judgment of the district court.