**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0309n.06

No. 16-3831

| | |
|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | **FILED**<br>Jun 06, 2017<br>DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE SOUTHERN DISTRICT OF
BRENT TERRY, ) OHIO
)
    Defendant-Appellant. )


BEFORE: GIBBONS, ROGERS, and DONALD, Circuit Judges.


PER CURIAM. Brent Terry appeals the 60-month sentence imposed by the district court upon the revocation of his supervised release. As set forth below, we affirm.

In 2006, Terry entered a conditional guilty plea to possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Terry to 70 months of imprisonment followed by seven years of supervised release. Terry appealed the denial of his motion to suppress, which this court affirmed. *United States v. Terry*, 522 F.3d 645 (6th Cir. 2008).

Terry's supervised release began in September 2012. On April 28, 2016, law enforcement stopped Terry's vehicle and found an iPhone in his possession. Upon questioning, Terry admitted that the iPhone belonged to him and that he used the iPhone to access the Internet and a mobile messaging application called Kik. Terry further admitted that, while using Kik, he

was invited to join a chatroom named "infants and babies," where he viewed nude images of children as young as five and six years old. The probation office subsequently petitioned the district court for a summons, asserting that Terry had violated the conditions of his supervised release by: (1) operating a personal computer without his probation officer's permission; (2) accessing the Internet; (3) accessing chatrooms; and (4) possessing child pornography.

Terry admitted these four violations at the revocation hearing. After the parties agreed that Terry's violations constituted Grade C violations, the district court stated that the statutory maximum sentence was 24 months of imprisonment and that the guidelines recommended three to nine months of imprisonment. *See* 18 U.S.C. § 3583(e)(3); USSG § 7B1.4(a). When asked about an appropriate disposition, defense counsel asserted that 18 U.S.C. § 3583 required the district court to impose a 60-month sentence. Section 3583(k) provides in relevant part:

> If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C. § 3583(k). The government agreed that the district court was required to impose a term of imprisonment of not less than five years because Terry's offense conduct would constitute a crime under chapter 110—access with intent to view child pornography. The district court found Terry guilty of the violations, revoked his supervised release, and sentenced him to 60 months of imprisonment followed by lifetime supervised release. There were no objections to that sentence.

In this timely appeal, Terry contends that his Grade C violations by definition involved conduct constituting an "offense punishable by a term of imprisonment of one year or less," *see* USSG § 7B1.1(a)(3), and therefore did not fall within the scope of § 3583(k), which applies to

offenses "for which imprisonment for a term longer than 1 year can be imposed," 18 U.S.C. § 3583(k). As the government points out, Terry waived this argument by taking the position at the revocation hearing that § 3583(k)'s five-year mandatory minimum applied. Terry "cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (quoting *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990)).

Even if Terry did not waive this argument, plain-error review applies because he failed to raise an objection to his sentence when the district court afforded him the opportunity to do so. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). Terry "must show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010). Although the supervised release violation report and the parties characterized his violations as Grade C violations, the conduct admitted by Terry established a Grade B violation—conduct constituting a federal "offense punishable by a term of imprisonment exceeding one year." USSG § 7B1.1(a)(2). Terry admittedly possessed or accessed child pornography, which constituted a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), a chapter 110 offense, subjecting him as a second offender to a ten-year mandatory minimum. Terry has not shown plain error in the district court's imposition of the five-year mandatory minimum under § 3583(k).

For these reasons, we **AFFIRM** Terry's 60-month sentence.