*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0429p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CALVIN JUNIOR WARD (06-5136), BERREESE
LATRELL WINTON (06-5410), and STEPHEN C. COOK
(06-5680),

*Defendants-Appellants.*

Nos. 06-5136/5410/5680

Appeal from the United States District Court
for the Eastern District of Tennessee at Winchester.
No. 05-00026—Curtis Lynn Collier, Chief District Judge.

Argued and Submitted: September 11, 2007

Decided and Filed: October 23, 2007

Before: GUY, ROGERS, and McKEAGUE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Clayton M. Whittaker, MACK & WHITTAKER, Chattanooga, Tennessee, for
Appellant. Robert C. Anderson, ASSISTANT UNITED STATES ATTORNEY, Chattanooga,
Tennessee, for Appellee. **ON BRIEF:** Clayton M. Whittaker, MACK & WHITTAKER,
Chattanooga, Tennessee, John C. Cavett, Jr., CAVETT & ABBOTT, Chattanooga, Tennessee, Bryan
H. Hoss, DAVIS & HOSS, Chattanooga, Tennessee, for Appellants. Robert C. Anderson,
ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

_____

## OPINION

_____

McKEAGUE, Circuit Judge. Defendants Calvin Ward, Berreese Winton, and Stephen Cook
pled guilty to various drug trafficking crimes. In a joint sentencing hearing, the district court
sentenced Ward to 210 months' imprisonment and Winton to 292 months' imprisonment. Shortly
thereafter, the district court sentenced Cook to 294 months' imprisonment.

All three defendants now appeal their respective sentences. Ward objects to the use of a
prior felony drug conviction as a predicate offense for purposes of career offender status. Winton
argues that the district court erred when it applied a two-level firearm enhancement. Cook raises
three objections, contending that the two-level enhancement for his leadership role was improper,

the enhancement provision is unconstitutionally vague, and his sentence was unreasonable. Contrary to defendants' arguments, the district court did not commit error when it sentenced each defendant, and so we affirm all three judgments.

## I. BACKGROUND

Law enforcement authorities commenced the investigation that led to co-defendants Ward's, Winton's and Cook's arrests and convictions when they received information that Cook was selling a large volume of crack cocaine in the Tullahoma, Tennessee area. As part of that investigation, a confidential informant ("CI") purchased crack cocaine from Ward beginning in June 2004 and ending in February 2005.

On February 10, 2005, Ward was advised that a warrant had been issued for his arrest for selling crack cocaine. Ward waived his rights and explained to investigating officers that since March 2002, Cook was Ward's primary source of crack cocaine. Ward advised that from March 2002 through February 10, 2005, he purchased a total of 2 to 3 kilograms of crack cocaine from Cook.

On August 3, 2005, a CI arranged for a controlled purchase of crack cocaine from Cook. After Cook fronted crack cocaine to the CI, a search warrant was obtained to search Cook's residence. When officers arrived to execute the search warrant, Cook and Winton were in the front yard. Both Cook and Winton were searched. The search revealed that Winton had a plastic bag containing crack cocaine and cash. Among the items seized from Cook's residence was a Smith and Wesson 9-millimeter handgun with a loaded magazine.

On August 10, 2005, Winton waived his rights and explained that he began purchasing crack cocaine from Cook in mid-March 2003. From that time until his arrest, Winton purchased an average of 4 ½ to 5 ounces of crack cocaine per week from Cook. Winton also stated that Cook always carried a gun during their drug transactions, either a 9-millimeter pistol, a .25 automatic pistol, a .380 pistol, or a Glock .40 pistol.

Winton explained that Ward made crack cocaine deliveries on behalf of Cook. Winton estimated that on 20 separate occasions, Ward delivered crack to him after Winton had ordered the crack cocaine from Cook. Winton said that when Cook was unavailable, Winton would order crack cocaine from Ward.

On June 30, 2005, a federal grand jury charged defendants Cook and Ward in a ten-count indictment with conspiracy to distribute fifty grams or more of crack cocaine and related substantive drug distribution counts. On August 23, 2005, the grand jury returned a fourteen-count superseding indictment charging three additional counts against Cook and adding co-defendant Winton, who was charged with a substantive drug offense in count twelve.

On October 6, 2005, Ward pled guilty to conspiracy to distribute five or more grams of crack cocaine, a lesser included offense in count one, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). That same day, Winton pled guilty to count twelve, which charged possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On November 3, 2005, Cook pled guilty to count one, which charged conspiracy to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); and to count fourteen, which charged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

On January 6, 2006, the district court sentenced Winton to 292 months' imprisonment and Ward to 210 months' imprisonment. On April 7, 2006, Cook was sentenced to 234 months' imprisonment on count one and to a statutorily mandated consecutive term of 60 months'

imprisonment on count fourteen, for a total of 294 months' imprisonment.  All three defendants filed timely notices of appeal.

## II.  ANALYSIS

### A.  Ward's objection to use of prior felony drug conviction.

Ward asserts one objection to the sentence imposed by the district court.[1]  He challenges the district court's use of his prior conviction for selling crack cocaine on January 31, 2002 as a predicate offense for purposes of career offender status.[2]

This Court reviews for clear error a district court's findings of fact with respect to its application of the Sentencing Guidelines; conclusions of law, however, are reviewed *de novo*. *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006).  A factual finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006) (citation omitted).  Whether conduct is "related" for purposes of calculating a defendant's career offender status is a fact-specific determination that this Court reviews for clear error. *United States v. Horn,* 355 F.3d 610, 612-13 (6th Cir. 2004).

To qualify as a career offender under U.S.S.G. § 4B1.1, a defendant who was over the age of eighteen at the time he committed the instant offense must have "at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a)(1),(3).  The term "two prior felony convictions" means defendant (1) "committed the instant offense of conviction subsequent to sustaining at least two felony convictions" and (2) "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c).  "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1).

Ward argues that his January 2002 offense is "related" to the present offense because it was part of a single common scheme or plan inasmuch as he purchased the crack cocaine at co-conspirator Cook's residence, albeit through another person.[3]  Because the prior offense and the present offense are "related," Ward argues the prior conviction should not have been used to adjudicate him a career offender.

---

[1] The presentence report ("PSR") had Ward's base offense level at 38.  After a three-level reduction for acceptance of responsibility, his base offense level was 35.  Based on two predicate offenses for purposes of career offender status, Ward's criminal history category was elevated from IV to VI.  The Court granted the government's motion for a downward departure for substantial assistance, granting a further three-level reduction in his offense level.  After the downward departure, Ward had a total offense level of 32 and a criminal history category of VI that resulted in a Sentencing Guidelines range of 210 to 262 months.  Ward was sentenced to 210 months.

[2] Ward was arrested for that offense on March 21, 2002 and subsequently sentenced on May 13, 2003.

[3] Ward cites Application Note 3 to U.S.S.G. § 4A1.2, which provides:

> 3. Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

Ward's argument "illustrates a common misconception about the term 'related cases" in § 4A1.2(a)(2)." *United States v. Beddow*, 957 F.2d 1330, 1337 (6th Cir. 1992). In *Beddow*, the defendant argued that his possession of a concealed weapon (i.e., the alleged prior state offense and conviction) and the money laundering offenses (i.e., the present offenses) "occurred on a single occasion" because he was arrested for both crimes at the same time and both offenses were part of "a single common scheme or plan." *Id.* The Court rejected the defendant's argument and explained that the question of "related cases" referred to in § 4A1.2(a)(2) applies to the relationship between prior sentences, *not* to the relationship between prior sentences and the present offense. *Id.* (citing *United States v. Walling*, 936 F.2d 469, 471 (10th Cir. 1991) (emphasis added)). Here, Ward's "related" argument fails for the same reason. *See also United Sates v. Evans*, 187 F.3d 638 (6th Cir. 1999) (unpublished) (applying the *Beddow* analysis to reject the defendant's argument that his prior drug sentence was "related" to his present offense because he obtained the cocaine that led to his prior sentence from his alleged co-conspirators in the present offense).

To the extent Ward's argument is that his prior conviction is part of the present offense, his argument similarly fails.[4] *See* U.S.S.G. § 4A1.2(a)(1) (providing that a "prior sentence" is any sentence previously imposed for "conduct not part of the instant offense"); *Evans*, 187 F.3d at **2 (Cole, J., concurring).

Indeed, it is undisputed that at the time of the January 2002 offense, Ward had multiple suppliers of crack cocaine other than Cook. It is undisputed that Ward did not buy the crack cocaine that was the subject of the January 2002 offense directly from Cook. It is undisputed that Cook did not trust Ward enough to sell him crack cocaine directly until March 2002. Moreover, the instant superseding indictment involves conspiracy conduct that started in March 2002, a start date provided by Ward himself. The superseding indictment not only did not charge any specific violations or overt acts in January 2002, but did not charge any specific violations or overt acts until 2004, well after the January 2002 offense.

In sum, Ward's offenses occurred months apart from each other and years before any overt acts charged in the superseding indictment; were accomplished in concert with an individual not charged as a co-conspirator; and occurred prior to the charged conspiracy; therefore, the offenses were severable instances of unlawful conduct. *See United States v. Escobar*, 992 F.2d 87, 90 (6th Cir. 1993) (finding that there is "no justification for concluding that *any* cocaine possession by [defendant] during the three-year time span of the criminal enterprise must automatically be considered as having been committed by him as part of or in furtherance of his criminal enterprise"). Accordingly, we find no error in the district court's findings that Ward's prior conviction for cocaine trafficking is not part of the instant offense and therefore is a valid predicate offense in determining career offender status.

---

[4]The district court construed Ward's challenge as an objection that his prior conviction should not be included as a predicate offense for career offender purposes because that prior conviction was part of the instant offense. J.A. 157 (finding that the "conviction that is being challenged is not part of the conduct of the instant offense").

**B. Winton's objection to firearm enhancement.**

Winton asserts on appeal that the district court erred by enhancing his offense level based on co-defendant Cook's possession of a firearm during their drug transactions.[5]  This Court reviews the district court's factual findings regarding the application of the firearms enhancement for clear error. *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003).  Conclusions of law, however, are reviewed *de novo*. *Galloway*, 439 F.3d at 322.

Winton argues that without a conspiracy charge, the district court could not properly find he was in constructive possession of Cook's firearm or otherwise apply the enhancement.  Whether a defendant, not charged with conspiracy, may receive a § 2D1.1(b) enhancement for a co-defendant's possession of a firearm during their drug transactions is a question of first impression in this circuit.

Section 2D1.1(b) states that a defendant's base offense level for a drug trafficking offense must be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1).  This particular enhancement  "reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1, cmt. n.3.  The enhancement applies regardless of whether a defendant actually or constructively possessed the weapon. *United States v. Galvan*, 453 F.3d 738, 742-43 (6th Cir. 2006).  Possession of a firearm by a co-conspirator is attributable to any other conspirator if the co-conspirator's possession was reasonably foreseeable. *Id.* at 742 (citation omitted).  Further, this enhancement "*should be* applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1, cmt. n.3 (emphasis added).

Here, both parties agree that possession of a firearm by a co-conspirator is attributable to any other conspirator if the co-conspirator's possession is reasonably foreseeable.   Both parties also agree that Cook possessed firearms, Cook used those firearms to protect his drug business, and Winton had actual knowledge that firearms were present during his drug transactions with Cook.

The parties disagree as to whether a conspiracy charge is required to impute one defendant's possession of a firearm to a co-defendant.  For the reasons that follow, we answer in the negative. Winton's enhancement was proper here because, although a finding of jointly undertaken activity is necessary, a conspiracy charge is not.[6]

---

[5]The PSR had Winton's base offense level at 38.  A two-level enhancement was applied for Winton's knowledge that Cook carried a firearm during their drug transactions.  After a three-level reduction for acceptance of responsibility, his base offense level was 37.  His criminal history placed him in category VI.  Based on a total offense level of 37 and a criminal history category of VI, his Sentencing Guidelines range was 360 months to life.  The Court granted the government's motion for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. After the downward departure, the offense level was 35 and his criminal history category was VI.  That resulted in a Sentencing Guidelines range of 292 to 365 months.  Winton was sentenced to 292 months.

[6]Other circuits have similarly interpreted the reach of the enhancement. *See United States v. Mumford*, 25 F.3d 461, 469 (7th Cir. 1994) (stating that "the criminal defendant who pleads guilty to a single-offense narcotics transaction is now fair game for the application of the rules of relevant conduct to the weapons enhancement, even if the conspiracy count is dismissed"); *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1216 (5th Cir. 1990) (explaining that "[n]otwithstanding the court's dismissal of the conspiracy count in accord with [defendant's] plea agreement, the facts also clearly indicate that [defendant] acted in concert with [the co-defendants]); *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989) (finding that "although [defendant's] guilty plea was based on an aiding and abetting charge and not on a conspiracy charge, the district court did not err in considering the [co-defendant's] possession of the weapon for sentencing purposes").

Application of this enhancement is no longer limited to occasions when a firearm is present during the defendant's offense of conviction; it applies, more broadly, during "relevant conduct." *United States v. Faison*, 339 F.3d 518, 520 (6th Cir. 2003). Relevant conduct under the Sentencing Guidelines includes: "in the case of jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, *whether or not charged as a conspiracy*)." U.S.S.G. § 1B1.3(1)(B) (emphasis added).

The Sentencing Guidelines thus make it clear that whether the co-defendants are *charged* as conspirators is of no consequence. Defendant Winton cites no authority to suggest that the Sentencing Guidelines mean other than what they say.

The district court here appropriately found that defendants Winton and Cook engaged in a jointly undertaken criminal activity during their weekly drug transactions from March 2003 to August 2005. *See United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003) (stating that evidence of repeated drug purchases suggests more than a "mere buyer-seller relationship" and evidence of transactions involving a large volume of narcotics creates an inference of conspiracy). The district court also correctly concluded that, in light of Winton's admission that he had actual knowledge that Cook was always armed during their drug transactions, the presence of a firearm was reasonably foreseeable to Winton. And, under these circumstances, it was not clearly improbable that the firearm was connected to the offense. Inasmuch as Winton and Cook were engaged in a jointly undertaken criminal activity and Cook's possession of the weapon was not only reasonably foreseeable, but was actually known to Winton, we find no error in the district court's finding that Cook's possession of the firearm is attributable to Winton as part of the "relevant conduct."[7]

## C. Cook's objection to leadership enhancement.

Cook asserts three challenges to the sentence imposed by the district court.[8] Cook first argues that the two-level enhancement for being an organizer, leader, manager or supervisor was not warranted. *See* U.S.S.G. § 3B1.1(c). This Court reviews a district court's decision concerning an enhancement for defendant's role in an offense for clear error. *Gates*, 461 F.3d at 709.

To enhance a sentence under § 3B1.1, the district court should make a factual finding that defendant had supervised at least one person. U.S.S.G. § 3B1.1 n. 2; *United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000). Here, the district court found that where Winton ordered crack cocaine from Cook on 20 separate occasions over the course of many years, and where crack cocaine was delivered by Ward, "it is implausible that Mr. Cook was not exercising some degree of control over Mr. Ward, or the relationship would not have continued *as long as it did* and on the *number of occasions* it did." J.A. 213 (emphasis added); J.A. 211 (noting the existence of "substantial

---

[7]To the extent Winton alleges a violation of his Fifth or Sixth Amendment rights because the district court engaged in fact-finding, Winton's arguments fail. See *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) (holding that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post- *Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury"); *see also United States v. Coffee*, 434 F.3d 887, 898 (stating *Booker* did not eliminate judicial fact-finding).

[8]The PSR had Cook's base offense level at 38. A two-level enhancement was applied for Cook's role in the offense as an organizer or leader. After a three-level reduction for acceptance of responsibility, Cook's total offense level was 37. Cook was subject to a mandatory five-year sentence on his possession of a firearm conviction. Based on a total offense level of 37 and a criminal history category of I, Cook's Sentencing Guidelines range was 210 to 262 months on count one (conspiracy) with a 60-month mandatory minimum for count fourteen (possession of a firearm), for a total Sentencing Guidelines range of 270 to 322 months. Cook was sentenced to 234 months for one count and a mandatory 60 months for the other count, for a total of 294 months.

numbers of transactions where the same pattern recurs" gives rise to an inference that Ward was acting on behalf of Cook). Under these circumstances, the district court did not commit clear error.

Further, even if the district court erred by applying the two-level enhancement, Cook's objection still fails. Sentencing Guidelines range errors that do not affect a defendant's sentence are harmless and do not require a remand for re-sentencing. *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). An error is harmless if the error "did not affect the district court's selection of the sentence imposed." *United States v. Williams*, 503 U.S. 193, 203 (1992).

Here, just before the court determined Cook's sentence, the prosecutor stated:

[I]n imposing the sentence, whatever [the court] chooses to impose – If there is an appeal from this, I imagine that it would likely be on the role in the offense. And I understand the Court's decision, and I concur with it. I would also point out that given the amount of drugs that he was held responsible for, this Court could easily find that the guidelines were insufficient in terms of the period of incarceration. So I would ask the Court to make clear on the record, if the Court feels this way, that regardless of the role in the offense, given the overall nature and extent of Mr. Cook's drug trafficking, whatever sentence the Court imposes it believes is a reasonable one.

J.A. 222. In response to the prosecutor's request, the district court subsequently explained:

[T]he Court has determined that the appropriate sentence for Mr. Cook would be a period of incarceration of 294 months. And the Court would have imposed this sentence regardless of what the Court had determined regarding sentencing guidelines in this case. Had the Court decided that the guidelines were higher than what the Court did, or had the Court determined that the guidelines were lower than what the Court did, based on the factors in Section 3553(a), the Court would have arrived at this same sentence.

J.A. 225-26. The district court emphasized that Cook "made a significant contribution to that drug problem that we're having, over a number of years." J.A. 223-24. And while the district court agreed it was a "tough sentence," it "[did] not believe it [was] inappropriate, given the nature of the offense here and also the purposes set out in Section 3553." J.A. 225. Accordingly, any error in applying said enhancement would be a harmless error that does not require a remand because the district court would have sentenced Cook to 294 months regardless of the enhancement at issue. *See United States v. Holland,* 209 F. App'x 477, 480-82 (6th Cir. 2006) (unpublished) (finding harmless error where the same judge that sentenced Cook included substantially the same colloquy regarding defendant's imposed sentence); *United States v. Cook*, No. 05-2731, 2007 WL 930212, at *3-4 (6th Cir. 2007) (unpublished) (finding harmless error where district court stated it would have imposed the same sentence whether or not it applied a two-level firearm enhancement).

**D.  Cook's argument that U.S.S.G. § 3B1.1 is unconstitutionally vague.**

Cook also asserts that U.S.S.G. § 3B1.1 is unconstitutionally vague. "Constitutional challenges to sentences are questions of law, subject to *de novo* review on appeal." *United States v. Rodgers*, 278 F.3d 599, 602 (6th Cir. 2002). A defendant challenging the application of the Sentencing Guidelines must first present the claim in the district court before it can be entertained on appeal. *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (citations omitted). Waiver is the "intentional relinquishment or abandonment of a known right." *Id.* Waived or abandoned claims of error are not reviewable. *Id.* "Although we do not foreclose appellate review for plain error when the interests of justice demand otherwise, an attorney cannot agree in

open court with a judge's proposed course of conduct and then charge the court with error in following that course." *Id.* (citations omitted).

Here, Cook asserted his vagueness argument in his objections to the PSR, but at the sentencing hearing and in a subsequent motion, Cook expressly represented that all objections had been resolved except the three enumerated challenges to U.S.S.G. § 3B1.1(c).  J.A. 228, 316. Accordingly, Cook did not argue before the district court that U.S.S.G. § 3B1.1(c) was unconstitutionally vague and he has therefore waived the argument.[9]

**E.  Cook's argument that his sentence is unreasonable.**

On appeal, this Court examines a sentence to determine "'whether [the] sentence is unreasonable.'" *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 262-63 (2005)).  We review sentences for both procedural reasonableness and substantive reasonableness. *United States v. Caver,* 470 F.3d 220, 248 (6th Cir. 2006).

A sentence may be substantively unreasonable "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent section 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007).   "The district court's overall task remains that of imposing 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *United States v. Ferguson*, 456 F.3d 660 (6th Cir. 2006) (quoting 18 U.S.C. § 3553(a)). A presumption of reasonableness applies to a sentence within the advisory Sentencing Guidelines range. *Rita v. United States*, 127 S.Ct. 2456, 2462 (2007).

Cook argues that the district court's sentence was substantively unreasonable because "[g]iven the Defendant's complete lack of any criminal history, category I, how could any court state that a sentence of twenty-four and one-half [] years for someone who has never spent one day in jail is not unreasonable?" Appellant Cook's Brief at 30.  Cook does not contend that the district court selected his sentence arbitrarily, based its decision on impermissible factors, or failed to consider pertinent § 3553(a) factors.  Rather he asserts that the district court improperly weighed the relevant sentencing factors.

To the contrary, the district court here properly considered and weighed all of the section 3553(a) factors in light of Cook's particular circumstances.  It is clear from the record that the district court undertook extensive consideration of the relevant circumstances surrounding this case, including reviewing many aspects of the PSR on the record, hearing live witness testimony, allowing the entry of letters addressed to the court, and considering the statements of Cook, his counsel and the prosecutor.

The district court appears to have carefully considered and prudently balanced the various factors in arriving at the sentence.  In particular, as observed by the government, the district court considered Cook's mitigating factors (e.g., lack of criminal history and potential for rehabilitation), and found that those factors were offset by Cook's significant contribution to the drug problem over a number of years.  And, while Cook may have had more potential for rehabilitation than many defendants because of his family and educational background, the district court suggested that those

---

[9]Even if he had not waived this argument, Cook's vagueness argument fails.  First, the enhancement applied to Cook does not render criminal, conduct that would otherwise be legal. *United States v. Levy*, 904 F.2d 1026, 1033 (6th Cir. 1990) (stating "[s]tatutes are not defective merely because they expose defendants to the risk that legally significant factors within their criminal conduct may trigger enhanced statutes").  Second, Cook has neither argued nor shown that U.S.S.G. § 3B.1.1 is impermissibly vague with respect to himself and its enforcement in his case.  *Id.* at 1032 (stating that when the First Amendment is not implicated, a void for vagueness challenge must be unconstitutional as to the defendant in the case at hand).

factors also weighed at least partially against Cook because he had more opportunities than many offenders to pursue lawful sources of income.

While defendant Cook's sentence was lengthy, he has not established that the sentence was unreasonable. *See United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006) (stating "[t]he fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal") (quoting *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006)).

### III.  CONCLUSION

For these reasons, we **AFFIRM** defendants' respective sentences.