**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0135n.06
Filed: March 6, 2008

**No. 07-1258**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| TRAVIS HORTON, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

**BEFORE: NORRIS, BATCHELDER, and GIBBONS, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** In November 2001, defendant Travis Horton entered into a plea agreement with the government in which he conceded that he had participated in a conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. The district court sentenced him to 144 months of imprisonment under the then-mandatory federal sentencing guidelines. No appeal was taken, despite defendant's request that counsel do so. After defendant filed a *pro se* motion for relief pursuant to 28 U.S.C. § 2255 in 2003, the district court entered an order vacating the judgment, granting defendant a delayed appeal, and appointing counsel.

Defendant now raises a number of issues relating to his sentence. The government concedes that a remand for resentencing under an advisory guidelines scheme is required by the law of this circuit. With respect to the other issues raised by defendant, we affirm the district court.

**I.**

A second superseding indictment filed on September 12, 2001, charged defendant, his wife, and three other individuals with conspiring to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. A second count, which is not before us, charged co-defendant Chad Johnson with using a telephone to facilitate the distribution of methamphetamine.

Since all of the defendants eventually entered guilty pleas, the details of the conspiracy are not at issue. Suffice it to say that the superseding indictment alleges that the drug-trafficking, which occurred in and around Kalamazoo, Michigan began in the summer of 2000 and ended on April 26, 2001.

The plea agreement entered into by defendant contains several provisions that merit mentioning: it advises defendant that a district court judge who is not bound by any stipulations in the agreement will impose the sentence; it provides that defendant intends to cooperate in exchange for a possible motion for downward departure from the government; it specifies a drug quantity; it contemplates a three-level downward adjustment for acceptance of responsibility; and it explicitly states that there is no agreement about a possible enhancement for defendant's role in the offense.

The pre-sentence report ("PSR") echoed the plea agreement's assessment that the base offense level was 34. It recommended a four-level upward adjustment for defendant's role in the offense and also suggested that defendant not be rewarded for acceptance of responsibility because he tested positive for methamphetamine while free on bond. When coupled with a criminal history

category of III, the adjusted offense level of 38 resulted in a guidelines range between 292 and 365 months of imprisonment.

At the sentencing hearing, the district court decided to grant the three-level decrease for acceptance of responsibility, a position with which the government concurred. The court then proceeded to weigh the appropriate adjustment for role in the offense. The government advocated a two-level increase but the court was skeptical, believing that defendant was a leader or organizer of five or more individuals and therefore deserved a four-level increase:

> I've got a real problem with [a two-level increase] because I went through this report and all these reports very, very carefully. And it appeared to me that your client was an organizer and a leader, if not of the entire conspiracy, certainly that branch of it that's here in West Michigan, particularly Kalamazoo. . . .
>
> But based on what I've read, he's telling people when to pick stuff up. He's directing people on packaging it. He's the guy that's got the money. That's another thing you look at. If someone wants a thousand-buck loan, he gives them a thousand-dollar loan. He's the guy that gives them $500 to drive the stuff. He tells them where to drive, who to meet, where to pick it up. It doesn't work out, he makes the arrangements to pick it up somewhere else, all of which is organizational type activity.

After hearing the arguments of counsel, the court cited a number of passages from the PSR which supported a finding of a leadership role before imposing a four-level increase.[1] Finally, the court entertained the government's USSG § 5K1.1 motion for a downward departure based upon substantial assistance. It granted the motion and awarded defendant a four-level reduction in his offense level, thereby offsetting the upward departure for role in the offense. The court then imposed a sentence at the lower end of the guidelines range that resulted from granting the § 5k1.1 motion,

---

[1]The court thus implicitly found the applicable guideline range to be 210 to 262 months.

135 to 168 months, sentencing defendant to 144 months of incarceration, five years of supervised release, a fine of $2,500, and a special assessment of $250.

**II.**

We now turn to the issues raised by defendant: 1) that resentencing is required now that the federal sentencing guidelines are advisory rather than mandatory; 2) that the district court erred when it imposed a four-level enhancement to defendant's offense level based upon his role in the offense; and 3) that the government breached the terms of the plea agreement by not filing a motion pursuant to Federal Rule of Criminal Procedure 35(b) based upon defendant's assistance to the government.

*1. Resentencing*

This circuit has made clear that resentencing is required if the district court imposed a sentence based upon a presumption that the federal sentencing guidelines were mandatory. *See United States v. Barnett*, 398 F.3d 516, 530 (6th Cir. 2005). In this case, the district court pronounced sentence in 2002, three years before *United States v. Booker*, 543 U.S. 220 (2005), was decided. However, because defendant has been permitted a delayed direct appeal, *Booker* and the case law interpreting it apply here. The government concedes that a remand is required.

*2. Role in the Offense*

As mentioned earlier, the PSR recommended that defendant receive a four-level enhancement to his base offense level because he was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Both defense counsel and the government took the position during the sentencing hearing that defendant's sentence should be enhanced by only two levels pursuant to USSG § 3B1.1(c) ("defendant was an organizer, leader,

manager, or supervisor in any criminal activity other than described in (a) or (b)"). In its objections to the PSR, the government addressed the issue in these terms: "[A] 2-level increase is appropriate under USSG § 3B1.1(c) because this criminal activity involving the unhealthy associations of methamphetamine addicts was a small criminal enterprise relative to ganglords, mafiosi, terrorists and violent interstate drug trafficking organizations and should not otherwise be considered as extensive in scope or in planning or preparation."

The district court responded by pointing to paragraphs in the PSR that describe defendant's control over various individuals who participated in the conspiracy. It then concluded, "if [defendant] wasn't an organizer, the thing was not organized. He was the center of it, organizing the whole thing, directing all these other people whose names I've mentioned, and controlling how this methamphetamine organization was working in Kalamazoo."

Defendant has backed off his position below that only a two-level enhancement is appropriate. He now contends that the district court should have split the baby and imposed a three-level enhancement under USSG § 3B1.1(b) ("If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by **3** levels."). Such a decrease would reduce defendant's guidelines sentencing range to between 121 and 151 months rather than between 135 and 168 months. While his sentence of 144 months of imprisonment falls within either range, the district court noted at sentencing that it thought a term at the lower end of the guidelines range was appropriate.

Defendant contends that, by crediting information contained in the PSR, the district court compromised his right to confront witnesses. He concedes that this court has recently held that there

is nothing in either *Booker* or *Crawford v. Washington*, 541 U.S. 36, 68 (2004) (holding that the Confrontation Clause bars testimonial out-of-court statements unless the witness is unavailable and the defendant had a prior opportunity to cross-examine), "that would cause this Court to reverse its long-settled rule of law that [the] Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings." *United States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006). While *Katzopoulos* cites *United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir. 2006), for the proposition that this entire area of law is evolving, it goes on to note that the rule of *Crawford* has yet to be extended to the sentencing context. *Id.* at 575-76. We are bound by the prior published decisions of this court, *Fulcher v. Motley*, 444 F.3d 791, 813 (6th Cir. 2006) (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)), and we therefore hold that the district court's consideration of facts discussed in the PSR was permissible.

Next, defendant contends that the district court failed to resolve factual objections to the PSR. Defendant argues that the district court relied on statements in paragraphs 40 and 77 of the PSR. The government points out that the district court resolved the objection to paragraph 40 in defendant's favor and did not rely upon paragraph 77. Moreover, the district court cited information contained in paragraphs 23 through 26, 36 through 38, 41, 50, 59, 62, 68, 70, 71, and 73. While the court does refer to paragraph 40 in its recitation, it is cumulative in light of the other paragraphs to which defendant failed to object. When asked by the district court, defense counsel indicated that he was only raising one factual objection. As the government notes, "[t]he district court is allowed to accept as true all factual allegations in a presentence report to which the defendant does not object." *United*

*States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001) (citing *United States v. Ward*, 190 F.3d 483, 492 (6th Cir. 1999)).

Finally, defendant argues that the district court took into account information barred by the terms of the plea agreement, which states, "Information provided by the defendant pursuant to his agreement to cooperate will not be used against him except as set forth in USSG § 1B1.8, and in this agreement." The cited guidelines section provides in part as follows:

> **(a)** Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

> **(b)** The provisions of subsection (a) shall not be applied to restrict the use of information:

> **(1)** known to the government prior to entering into the cooperation agreement[.]

USSG § 1B1.8.

Defendant states that his proffered information is found in paragraphs 44 to 51 of the PSR and, absent a showing by the government that the information contained in them was available elsewhere, *United States v. Taylor*, 277 F.3d 721, 726 (5th Cir. 2001) (placing burden on government), the district court should not have considered it in weighing his leadership role.

Defendant did not object on this ground below and our review is therefore for plain error. In any event, the district court only referenced one paragraph, number fifty, that defendant contends contained proffered material, and that information was already known to the government: paragraph 36 of the PSR recites the same information from another source.

The government and the district court recognized that defendant had fully cooperated and attempted to give him a shorter sentence than what he faced at the time of his indictment. That said, the district court had before it ample undisputed evidence in the record to support a four-level enhancement, a conclusion that we review for clear error, *United States v. Ward*, 506 F.3d 468, 476 (6th Cir. 2007). Defendant concedes that five or more individuals participated and that a three-level increase is warranted. It does not take much of a leap to conclude that the evidence that defendant directed the drug trafficking activities of others is enough to justify the additional enhancement.

### 3. Rule 35(b) Motion

Federal Rule of Criminal Procedure 35(b) provides that the government can move for the reduction of a sentence based upon substantial assistance from defendant after the initial sentence. Defendant contends that the government breached the plea agreement by not making such a motion. The agreement includes the following language:

> The United States hereby agrees to file a motion for the Court to consider a downward departure when and if the United States determines that the defendant has substantially assisted the government. Unless the United States has been relieved of its obligations under this agreement, the United States may move for a downward departure pursuant to USSG § 5K1.1 and/or Fed. R. Crim. P. 35. The defendant understands that the final determination of what is considered substantial assistance will be made by the United States . . . .

Where as here, "a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, we may only review the government's decision for unconstitutional motives." *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). As mentioned earlier, the government made a § 5K1.1 motion at the sentencing hearing, which the district court granted and applied a four-level downward adjustment to defendant's offense level.

Nevertheless, defendant contends that the government failed to advocate strongly enough on his behalf by not explaining the extent of his cooperation to the court. He asks us to remand so that the district court can be fully apprised of his assistance to the government.

However, under the terms of the plea agreement, the government retained discretion with respect to whether a Rule 35 motion would be filed. During the hearing on his § 2255 motion, defendant acknowledged that he was never promised that the government would file a Rule 35 motion. Under the circumstances, we conclude that no breach of the plea agreement occurred.

**III.**

The judgment is **vacated** and the case **remanded** to enable the district court to re-sentence defendant under an advisory guidelines scheme.