NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0846n.06

Case No. 13-6432

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Nov 12, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CLARENCE TONEY, III, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | OPINION |

BEFORE: MERRITT, WHITE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD**, Circuit Judge. Defendant-Appellant Clarence Toney, III, appeals his 120-month sentence on seven counts of distribution of heroin. Toney argues (1) that the district court erroneously considered conduct outside the jurisdiction of the Eastern District of Kentucky in applying a two-level enhancement for possession of a firearm, pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G."); and (2) that the district court violated his Sixth Amendment rights, as interpreted in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), when it considered uncharged amounts of heroin in determining Toney's "relevant conduct" for purposes of sentencing. We **AFFIRM** the judgment of the district court.

I.

On April 11, 2013, a grand jury in the Eastern District of Kentucky returned a seven-count indictment against Toney.[1] All seven counts charged Toney with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Toney pleaded not guilty at his initial arraignment on May 14, 2013.

The indictment was the culmination of an investigation conducted by the Drug Enforcement Administration and the Northern Kentucky Drug Strike Force, which employed a confidential informant to make seven controlled purchases of heroin in Covington, Kentucky. The informant made the following heroin purchases—totaling 13.831 grams—from Toney: 2.031 grams on February 11, 2013; 2.130 grams on February 12, 2013; 1.705 grams on February 15, 2013; 1.955 grams on February 18, 2013; 3.148 grams on February 22, 2013; 1.515 grams on February 27, 2013; and 1.347 grams on March 7, 2013. Officers arrested Toney following the controlled purchase on March 7, 2013.

Following Toney's arrest, officers executed a search warrant at an apartment at which Toney occasionally stayed with his girlfriend in Cincinnati, Ohio. Officers seized an additional 11.99 grams of heroin, a scale, a loaded Highpoint 9mm handgun, and $2,466 in cash from the apartment. During a post-arrest interview, Toney admitted that he sold heroin to fifteen to twenty people in Kentucky and that he purchased between an ounce and an ounce and a half of heroin per week.

On July 3, 2013, Toney pleaded guilty to all seven counts in the indictment without receiving a plea offer from the government. The district court accepted the plea.

---

[1] The indictment named "Daniel W. Bowler," which is one of Toney's aliases.

The U.S. Probation Office submitted a final presentence investigation report ("PSR") on October 22, 2013. The PSR recommended a base offense level of 26 for "an offense involving the distribution of more than 100 but less than 400 grams of heroin," pursuant to U.S.S.G. § 2D1.1(c)(7). The PSR further recommended a two-level enhancement for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. With a total offense level of 25 and a criminal history category of VI, the PSR's suggested advisory Guidelines range was 110-137 months' imprisonment. Toney objected to the PSR's application of the two-level firearm enhancement, as well as its calculation of the amount of heroin involved in his offense.

Toney's sentencing hearing took place on October 30, 2013. At the hearing, Toney's counsel withdrew his objections to the PSR. The district court adopted the PSR's calculations—noting that they were "very conservative"—as well as its suggested advisory Guidelines range of 110-137 months. The court then imposed a "middle-of-the-range sentence" of 120 months and entered judgment. This timely appeal followed.

## II.

## A.

Toney first argues that the district court erred in applying a two-level enhancement for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1), because the firearm was seized in Cincinnati—beyond the district court's jurisdiction. The government responds that Toney waived this argument during his sentencing hearing.

"A defendant challenging the application of the Sentencing Guidelines must first present the claim in the district court before it can be entertained on appeal." *United States v. Ward*, 506 F.3d 468, 477 (6th Cir. 2007) (citing *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088

(6th Cir. 2002)).  Waived claims—i.e., those claims intentionally relinquished by a defendant—are not reviewable.  *Id.*  Forfeited claims, those not raised at all, are reviewed for plain error. *United States v. Babcock*, 753 F.3d 587, 590 (6th Cir. 2014).  Here, Toney made the following objection to the PSR's suggestion of a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1):

> All of the small sales [Toney] made were to undercover informants and on the day he was arrested he did not have a gun nor did he ever display or indicate he had a gun during any of his other sales. For that reason we believe the Court could ignore the upward adjustment because the gun was found miles from where he was arrested on March 7, 2013.

At the sentencing hearing, however, Toney expressly withdrew this objection to the firearm enhancement.  The district court thus did not consider the objection.

Because it is unclear whether the objection below challenged the requisite nexus between the gun and the underlying drug offenses or the jurisdiction of the district court to enhance based on a gun found outside its jurisdiction, it is unclear whether the latter argument, presented here, was waived.  We will thus apply plain-error review.  The plain-error standard requires Toney "to show (1) error, (2) that was obvious or clear, (3) that affected [his] substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Prater*, 766 F.3d 501, 518 (6th Cir. 2014) (alteration in original) (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)) (internal quotation marks omitted).  "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661; *see also United States v. Watts*, 519 U.S. 148, 149-53 (1997) (per curiam) (holding that a court may consider any conduct, even that which does not result in a conviction, in determining a sentence under

U.S.S.G. § 1B1.3). We have explained that, in regard to sentencing, "[r]elevant conduct need not be charged, nor must it otherwise even be within the jurisdiction of the sentencing court." *United States v. Gill*, 348 F.3d 147, 151 (6th Cir. 2003) (citing *United States v. Hough*, 276 F.3d 884, 898 (6th Cir. 2002) ("Sentencing Guidelines [§ 1B1.3(a)(2)] allows the court to consider all acts that 'were part of the same course of conduct or common scheme or plan as the offense of conviction.'")).

In *Hough*, the defendant argued that the district court could not consider his juvenile-criminal record because the court did not have "subject-matter jurisdiction" over such crimes. 276 F.3d at 897. We disagreed, describing this argument as "creative, but not particularly compelling," because as long as the district court had jurisdiction to review the adult crimes charged, it "had subject matter jurisdiction to hear any conduct that may be relevant to sentence [the defendant] appropriately for that behavior." *Id*. at 897-98. In so holding, we expressly endorsed our sister-circuit's statement that "the relevant criminal conduct need not be conduct with which the defendant was charged, nor conduct over which the federal court has jurisdiction." *Id.* at 898 (quoting *United States v. Dickler*, 64 F.3d 818, 831 (3d Cir. 1995)) (internal quotation marks omitted); *see also United States v. Martin*, 157 F.3d 46, 51 (2d Cir. 1998) ("In the context of U.S.S.G. § 1B1.3(a), jurisdictional considerations are not relevant to a defendant's criminal responsibility."). Such is the case here.

Toney does not dispute—nor can he—that the district court had jurisdiction over the drug-related offenses for which he was sentenced. Consequently, the district court had subject-matter jurisdiction to consider any relevant conduct to impose an appropriate sentence on him.

*See Hough*, 276 F.3d at 898; *Gill*, 348 F.3d at 151. This includes considering the firearm police

seized from the Cincinnati apartment. Thus, the district court did not err, plainly or otherwise.[2]

B.

Toney next argues that the district court violated his Sixth Amendment jury-trial right, as

recognized in *Alleyne*, 133 S. Ct. at 2162, when it adopted the PSR's relevant-conduct estimate

of more than 100 but less than 400 grams of heroin rather than sending the question to a jury.[3]

The government responds that *Alleyne* is inapplicable in this case because the relevant-conduct

determination only increased Toney's advisory Guidelines range, not a mandatory minimum

sentence under a statute. We agree with the government.

Where, as here, a sentencing judge asks whether a defendant has any objections to the

sentence that have not previously been raised and the defendant does not object, any unpreserved

objections are forfeited and "plain-error review applies on appeal to those arguments." *Vonner*,

516 F.3d at 385. Again, the plain-error standard requires Toney "to show (1) error (2) that was

obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness,

integrity, or public reputation of the judicial proceedings." *Prater*, 766 F.3d at 518 (alteration in

original) (quoting *Vonner*, 516 F.3d at 386) (internal quotation marks omitted).

The district court did not commit plain error in adopting the PSR's relevant-conduct

estimate of more than 100 grams but less than 400 grams of heroin without submitting the

---

[2] To the extent Toney challenges his constructive possession of the firearm or its nexus to the drug offenses, the argument is waived.

[3] In a *pro se* supplemental brief, Toney also argues that the district court improperly aggregated the amount of heroin involved in each of the seven counts of the indictment to arrive at his sentence, thereby violating *United States v. Winston*, 37 F.3d 235, 240 (6th Cir. 1994). *Winston*, however, dealt with the mandatory minimum and potential life sentences prescribed in 21 U.S.C. § 841(b)(1)(A). *See id.* at 240-41. The district court sentenced Toney pursuant to the Guidelines, not pursuant to a statutory minimum sentence. His 120-month sentence was below the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C). *Winston* is therefore inapposite and the district court did not err in aggregating Toney's drug amounts to determine his offense level. *See United States v. King*, 272 F.3d 366, 377-78 (6th Cir. 2001). To the extent Toney's supplemental brief raises an ineffective-assistance-of-counsel claim, we decline to consider it because such a claim is more appropriately raised in a proceeding under 28 U.S.C. § 2255. *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006).

question to a jury. In *Alleyne*, the Supreme Court held that facts that increase the mandatory minimum sentence available under a statute must be submitted to and found by a jury. 133 S. Ct. at 2162. In that case, "[b]ecause the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt." *Id.* at 2163. But "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range, such as happened to [Toney]." *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). The *Alleyne* Court itself noted that its holding did "not mean that any fact that influences judicial discretion must be found by a jury. [The Supreme Court has] long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." 133 S. Ct. at 2163. The drug quantity table in U.S.S.G. § 2D1.1(c) and its corresponding base offense levels do not mandate a particular minimum or maximum sentence. *See Gall v. United States*, 552 U.S. 38, 59 (2007) ("[T]he Guidelines are not mandatory."). *Alleyne* is therefore inapplicable to Toney's case.

Moreover, the record belies Toney's argument that the district court considered the Guidelines mandatory rather than advisory. The district court noted that it could not deviate from the advisory Guidelines range of 110-137 months "without a reasonable justification." The court at no point suggested that the Guidelines bound it to a particular sentencing decision. Toney has not shown that the district court's sentencing-decision was plain error.

III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.