NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0410n.06

Case No. 18-6227

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jul 16, 2020

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| TRACY BASKERVILLE, | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) |
| | ) O P I N I O N |

**BEFORE:** COLE, Chief Judge; CLAY and NALBANDIAN, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Tracy Baskerville pleaded guilty to possession of an unregistered firearm as a convicted felon and was sentenced to 240 months' imprisonment. 18 U.S.C. § 922(g)(1); 26 U.S.C. § 5861(d). Baskerville appeals his sentence, contending that the district court mistakenly classified him as a career offender and erroneously denied him a three point reduction for acceptance of responsibility. Because Baskerville has waived his first argument on appeal and his second lacks merit, we **AFFIRM** the judgment of the district court.

## BACKGROUND

On April 27, 2015, police officers responded to a 911 call at a private residence in Russellville, Kentucky, where they encountered Tracy Baskerville, his girlfriend, his sister Lisa West, and his mother. West informed the officers that Baskerville had a gun and had threatened to

kill his brother and his girlfriend after discovering that they had engaged in sexual relations. West also told the officers that Baskerville hid the firearm after hearing the officers' sirens approaching the home. Baskerville's mother granted the responding officers written consent to search the home and they discovered a sawed-off shotgun and ammunition hidden inside one of the bedrooms. Baskerville admitted that the weapon belonged to him, and it was later confirmed that the firearm was unregistered.

Baskerville was indicted on June 14, 2017. Count One of the indictment alleged that on April 27, 2015, Baskerville was in possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Two of the indictment alleged that Baskerville violated 26 U.S.C. §§ 5861(d) and 5871 by knowingly possessing a firearm which was not registered to him.

Baskerville entered into a plea agreement in which he acknowledged that he could face a sentence of up to twenty years' imprisonment. The government agreed to recommend a sentence at the low end of the guidelines range and to recommend a three-level reduction in Baskerville's offense level for acceptance of responsibility. However, Baskerville moved to withdraw his guilty plea, after the presentence report ("PSR") indicated that he was to be classified as a career offender under U.S.S.G. § 4B1.1, and as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The latter designation entailed a fifteen year minimum sentence for Count 1. The PSR calculated Baskerville's guidelines sentencing range to be 292 months to 365 months. The government supported Baskerville's motion to withdraw his plea, in recognition of the fact that the sentencing expectations in the agreement were inconsistent with the PSR's findings. The district court subsequently granted the motion.

On the morning of trial, Baskerville informed the court that he wished to plead guilty again—this time without an agreement. The court accepted his plea and set a date for his sentencing hearing. At the hearing, the defense made no objections to the PSR and the district court accepted it as accurate. The court found that Baskerville had an offense level of 35 with a criminal history category of VI. His guidelines range was 292 to 365 months. The court specifically found Baskerville to be an armed career criminal and after thoroughly assessing the § 3553(a) factors, it imposed a sentence of 240 months imprisonment.

Baskerville made no objections to the sentence. Nevertheless, he filed a timely notice of appeal. On appeal, Baskerville claims that the district court committed plain error when it classified and sentenced him as an armed career criminal and career offender based in part on a 1996 conviction for complicity to second-degree assault that Baskerville pleaded guilty to via an *Alford* plea. Baskerville claims that this conviction cannot constitute a predicate offense for either the career offender or armed career criminal classifications because he expressly denied the factual basis of the conviction in his *Alford* plea and because Kentucky law, at the time of his 1996 conviction, did not classify him as a "violent offender" based on his conduct. Appellant's Br. at 11. Baskerville further claims that the court erred by reducing his offense level by two points for his acceptance of responsibility, rather than by three.

## DISCUSSION

### I.    Career Offender and Armed Career Criminal Classifications

Baskerville argues that the district court wrongly classified him as a career offender and armed career criminal. The parties dispute whether Baskerville has preserved this issue on appeal. Baskerville asserts that he merely forfeited the issue by failing to object at sentencing to his designation as a career offender and armed career criminal. A failure to "make the timely assertion

of a right" constitutes forfeiture, *United States v. Olano*, 507 U.S. 725, 733 (1993), and we review forfeited claims for plain error, *United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014). The government responds that Baskerville waived this issue because his counsel conceded in open court that Baskerville is a career criminal. Waiver differs from forfeiture: it is the "intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Waived claims are unreviewable on appeal, unless the interests of justice require plain error review. *See United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002).

In the present case, Baskerville's counsel repeatedly conceded that Baskerville is a career offender and armed career criminal. When the district court asked whether Baskerville had any objections to the PSR, his counsel replied that "[t]he report is accurate as tendered and the defense did not tender any objections as the report's [sic] submitted." R. 86, Sent. Hr'g Tr., PageID # 387. The court then accepted the PSR's recommendations in full. Moreover, Baskerville's counsel expressly admitted that Baskerville was an armed career criminal and he limited his arguments to why Baskerville deserved a downward departure from the guidelines range to fifteen years' imprisonment. He conceded that "[b]ecause of statutory qualifications of armed career criminal offender, Mr. Baskerville wasn't eligible for the recommendation [in the original plea agreement]," but argued that a 292 month sentence would be disproportionate "to the minimum 15 year that even career offender requires in this case." R. 86, Sent. Hr'g Tr., PageID # 393–94. He further stated that "Mr. Baskerville's not asking the Court to go below 15. That's — you know, the Court has no discretion to do that under the present circumstances, but the Court can give him a 15-year sentence." *Id.* at 394. Counsel's statements constitute waiver under our precedent. *See United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990) (holding that because "[a]n attorney cannot

agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course[,] Sloman waived any objection he might have to being sentenced under the guidelines"); *Aparco-Centeno*, 280 F.3d at 1088 (finding waiver where the defendant expressly agreed with the district court's decision to count two of his prior convictions as aggravated felonies under 8 U.S.C. § 1326); *United States v. Hall*, 373 F. App'x 588, 592 (6th Cir. 2010) (finding waiver of argument that defendant was not an armed career criminal where defense counsel had "expressly conceded" the ACCA's applicability to defendant at sentencing by stating that "I recognize my client has the criminal history that he does, and I certainly understand that he's a, pursuant to statute, an armed career criminal" and admitting that his client was subject to a "'15[-]year[] minimum mandatory' sentence").[1]

Other comments from counsel and Baskerville himself only reinforce our conclusion. Counsel conceded that "Mr. Baskerville's criminal record is what makes him a career offender. A 15-year sentence is a reflection of his history. It takes into account the fact he has the number and types of offenses in his background that he does, so it's not a question of whether a guideline[s] range sentence would unnecessarily depreciate that. The career offender imposition of the minimum 15 years takes that into account[.]" R. 86, Sent. Hr'g Tr., 409–10. And Baskerville himself acknowledged his armed career criminal status at the sentencing hearing: "I had [a] kidnapping and assault case back in 1995 that I've took time on just cause I didn't tell on nobody,

---

[1] Although a 15-year mandatory minimum sentence is a consequence of armed career criminal classification under the ACCA, there is no doubt that Baskerville waived any argument pertaining to his career offender classification under U.S.S.G. § 4B1.2 as well. Not only did Baskerville's counsel use "career offender" and "armed career criminal" interchangeably during sentencing, "[w]e analyze whether a conviction is a violent felony under the ACCA in the same way as whether a conviction is a crime of violence under U.S.S.G. § 4B1.2(a)." *United States v. Jones*, 673 F.3d 497, 504 n.1 (6th Cir. 2012). Therefore, Baskerville's express concession that his predicate offenses qualify him as an armed career criminal also means that those offenses qualify him as a career offender.

but I didn't have nothing to do with it and I served it out, but I'll tell you I had nothing to do with that. That's what armed careered me." *Id.* at 400.[2]

Baskerville points to statements from his motion to withdraw his plea agreement and from a telephonic conference prior to trial, as evidence that he openly contested his armed career criminal and career offender classifications. These statements do not constitute objections to his career criminal classification, and even if they do, they do not outweigh his express waiver at sentencing. *See Hall*, 373 F. App'x at 592 (finding waiver because counsel conceded defendant's armed career criminal status at sentencing even though at the plea hearing counsel had "retain[ed] th[e] right" to challenge that status at sentencing). Instead, because Baskerville's counsel "agree[d] in open court with [the] judge's proposed course of conduct," he may not now "charge the court with error in following that course." *Sloman*, 909 F.2d at 182. And while Baskerville denied his participation in the 1995 offense, consistent with his *Alford* plea in that case, he nevertheless acknowledged his status as an armed career criminal. Accordingly, he has waived any argument to the contrary on appeal.

Additionally, the "interests of justice" do not militate towards considering this waived argument. *Cf. United States v. Finley*, 8 F. App'x 557, 558 (6th Cir. 2001) (finding the "interests of justice" warranted consideration of, and remand based on, a waived argument because the district court's sentencing error was plain and the government agreed with the defendant's position). In the present case, the government does not agree with Baskerville's argument that the district court misclassified him as an armed career criminal or career offender, nor is the purported error as plain as in *Finley*. There, the district court misapplied U.S.S.G. § 2B3.1(b)(2)(E) because the defendant only possessed a "dangerous weapon" and did not "otherwise use" it. *Id.* Thus, the

---

[2] The PSR indicates that while Baskerville entered an *Alford* plea and was convicted in 1996, he was arrested for the offense in 1995. R. 64, PSR, PageID # 254–55.

defendant should have received a three point, rather than four point, enhancement. *Id.* In the present case, by contrast, Baskerville asks this Court to examine Kentucky law and find that his state conviction for complicity in second degree assault is not categorically a violent felony under the ACCA or a crime of violence under the sentencing guidelines. But he does not point to "binding caselaw that answers the question presented" in his favor nor does he show how the court's alleged error is "clear under current law." *United States v. Hill*, 769 F. App'x 352, 355 (6th Cir. 2019) (quoting *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015)). Therefore, we cannot find that there was plain error, let alone that the interests of justice weigh in favor of correcting any error.

For these reasons, Baskerville has waived his argument on appeal and we decline to consider it. That said, we express no opinion as to whether Baskerville's counsel provided ineffective assistance by conceding his client's career offender and armed career criminal designations at sentencing.

## II.    Acceptance of Responsibility Credit

Baskerville argues on appeal that he should have received a three point reduction in his offense level for accepting responsibility for his offense conduct. The PSR decreased his offense level by two points for acceptance of responsibility, and defense counsel's comment that the PSR was "accurate as tendered," R. 86, Sent. Hr'g Tr., PageID # 387, presumably included the award of only two points. Based on this, the United States argues that Baskerville waived any argument to the contrary. However, this is a less express waiver than the waiver of Baskerville's earlier argument because neither Baskerville nor his attorney made statements affirming that Baskerville was only entitled to two points. And defense counsel's general comment that the PSR was "accurate as tendered" is more ambiguous than the waivers we have identified in prior cases. *See*

*Hall*, 373 F. App'x at 592; *Sloman*, 909 F.2d at 182; *Aparco-Centeno*, 208 F.3d at 1088; *Mabee*, 765 F.3d at 671 (finding that the defendant "did not waive the issue of whether the trading enhancement applied to him, because neither he nor his attorney ever explicitly admitted that it applied and he never knowingly relinquished his right to challenge the applicability of that enhancement"). Thus, Baskerville has merely forfeited this argument, and we will review it for plain error. *Mabee*, 765 F.3d at 671.

The district court did not plainly err in reducing Baskerville's offense level by two points for acceptance of responsibility, rather than by three. Section 3E1.1 of the guidelines allows for a three-level reduction of a defendant's offense level if she qualifies for a two-level reduction, her offense level prior to any acceptance of responsibility adjustment is 16 or greater, and the government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of [her] own misconduct by timely notifying authorities of [her] intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." The government filed no such motion because Baskerville did not "timely notify[] authorities of his intention to enter a plea of guilty," but rather waited until the morning of trial to do so. That means the government was unable to "avoid preparing for trial" or "allocate their resources efficiently." In fact, when Baskerville pleaded guilty jurors were in the building and the government represented that it was prepared to prove its case. *See United States v. Rayyan*, 885 F.3d 436, 441 (6th Cir. 2018) (holding that the district court did not abuse its discretion in permitting the government to withhold a motion for a third-point reduction because the government prepared for trial for six months before the defendant pleaded guilty).

Baskerville does not contest these points on appeal and instead argues only that the government was not justified in withholding a motion for the third point because it agreed in Baskerville's initial plea agreement to do so and because it agreed to Baskerville's motion to withdraw his guilty plea after the mutual misunderstanding regarding his potential sentence was discovered. But the government's initial decision to move for the third point was made in response to Baskerville's willingness to plead guilty before significant preparations for trial had begun. Circumstances then changed and Baskerville was justified in withdrawing his guilty plea. But the government was similarly justified in waiting to see if Baskerville would abide by his obligations under the guidelines before supporting his request for an extra point reduction. He did not and so the government declined to move for it. Baskerville fails to cite a single case in which we have held such a decision by the government to be invalid. Thus, the government was justified in withholding its motion given the expenses it incurred preparing for a trial that did not occur.[3] Consequently, the district court did not err in reducing Baskerville's offense level by two, rather than by three, levels.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

---

[3] In his opening brief, Baskerville mistakenly cited an older version of the sentencing guidelines that did not require the government to move for the third point. Under that version of the guidelines, a defendant was entitled to an extra point if he was entitled to a two point reduction, his offense level was greater than 16, and he "*either* timely provide[d] the government with 'complete information' concerning his involvement in the offense *or* timely notif[ied] the authorities of an intent to plead guilty so that the government [could] avoid allocating resources toward preparing for trial." *United States v. Robertson*, 260 F.3d 500, 506 (6th Cir. 2001). However, Congress amended this provision of the guidelines in 2003 to require a motion by the government before a court could award a defendant the extra point. Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 401(g), 117 Stat. 650, 671–72. This requirement was therefore in effect when Baskerville was sentenced in 2018.